05cv677

# UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE
### THIRD CIRCUIT

---

Reginald P. Burgess,
    Debtor,


Reginald P. Burgess,
      Petitioner

   v.

John D. Williams
      Respondent.

Bankruptcy No. 05-12005 JKF
Adversary No. 05-52205 JKF

-- EMERGENCY --
PETITION FOR WRIT OF
MANDAMUS

---

### Pursuant to FRBP 8011(d)


### -- EMERGENCY --
### PETITION FOR WRIT OF MANDAMUS

05-12005 JKF on Petition from the United States Bankruptcy
Court for the District of Delaware rulings of August 30, 2005,
Judge Judith K. Fitzgerald, Bankruptcy Judge presiding

2005 SEP 16 PM 3:17

scanned

Reginald Burgess
3422 Old Capitol Trail #1068
Wilmington, DE
19808-6192

# TABLE OF CONTENTS

TABLE OF AUTHORITIES - CASES . . . . . . . . . . . . . . . . . . . . . . . . .     ii
TABLE OF AUTHORITIES - OTHER . . . . . . . . . . . . . . . . . . . . . . .     iii

EMERGENCY MOTION CERTIFICATE  - FRBP 8011(d) . . . . . . . . . .     1
STATEMENT OF JURISDICTION  . . . . . . . . . . . . . . . . . . . . . . . . . .     2
STANDARD OF REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     2
SUMMARY OF THE CASE  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     3
ISSUES PRESENTED    . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     4
STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     4
STATEMENT OF FACTS  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     4
SUMMARY OF THE ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . .     5
ARGUMENT  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     6
I.      DOMICILE, CITIZENSHIP AND IT'S ACQUISITION  . . . . . .     6
II.     JUDGE FITZGERALD IGNORED THE STAY AS VIOLATED      8
III.    MANDAMUS IS ABSOLUTELY WARRANTED AS REMEDY     12
IV.     THE TRUSTEE'S DUTIES WERE LIMITED TO 11 USC 1302     13
V.      CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     14

i

# TABLE OF AUTHORITIES

## CASES

Boesenberg v. Chicago Title & Trust Co., 7 Cir., 1942, 128 F.2d 245, . .    6
    247, 141 A.L.R. 565

Carteret Sav. Bank, FA v. Shushan, 919 F.2d 225, 228 (3d Cir. 1990) . .    2

Clemmer v. Kummer, D. Minn., 1960, 187 F.Supp. 736, 738 . . . . . . . .    6

Conservatorship Estate Truitt Matthew Stewart. Truitt Matthew . . . . . . .    8
    Stewart v. Leon Omansky,  276 Cal. App. 2d 211; 80 Cal.
    Rptr. 738 (September 18, 1969)

Cunningham v. Universal Underwriters, 98 Cal.App.4th 1141, . . . . . . .    1
    120 Cal.Rptr.2d 162 (Cal.App. Dist.4 04/30/2002)

Desmare v. United States, 1877, 93 U.S. 605, 610, 23 L. Ed. 959 . . . . .    6

Ellis v. Southeast Construction Co., 8 Cir., 1958, 260 F.2d 280, 281 . . .    6

Groner v. Miller (In re Miller), 262 B.R. 499, 503 (9th Cir. BAP 2001) .    2

Hershey Foods Corp. v. Hershey Creamery Co., 945 F.2d 1272, . . . . . .    2
    1278 (3d Cir. 1991)

Hustler Magazine v. U.S. Dist. Ct., 790 F.2d 69, 70 (10th Cir. 1986) . . .    2

In re Atlantic Bus. and Community Corp., 901 F.2d 325, 328 (3d Cir. 1990) 9

In re Davis, 177 B.R. 907 (9th Cir. BAP 1995) . . . . . . . . . . . . . . . . . . .    5

In re La Sierra Financial Services, Inc., No. CC-01-1541-MaMoB . . .    5,12
    (9th Cir. 11/29/2002)

In re Lam, 192 F.3d 1309, 99 Cal. Daily Op. Serv. 8152 . . . . . . . . .    10,11
    (9th Cir. 10/04/1999)

In re Landsdale Family Restaurants, 977 F.2d 826, 829 (3d. Cir. 1992) . .    9

In re Menk, No. SC-98-1816-KRyB (9th Cir. 11/05/1999) fn4 . . . . . . . .    5

Nobelman v. American Savings Bank, 508 U.S. 324 (1993). . . . . . . . . .    11

In re Sealed Case, 141 F.3d 337, 340 (D.C. Cir. 1998) . . . . . . . . . . . . . .    2

In re United States, 273 F.3d 380, 385 (3d Cir. 2001) . . . . . . . . . . . . . . .    2

Janzen v. Goos, 302 F.2d 421 (8th Cir. 04/27/1962) . . . . . . . . .    7,9,10,12

Lawrence Barker, Inc. v. Briggs (1952) 39 Cal. 2d 654, 661 [248 P.2d 897] 1

Mayton v. Sears. Roebuck & Co. (In re Mayton), 208 B.R. 61, 63 . . . . .    2
    (9th Cir. BAP 1997)

McNello v. John B. Kelly, Inc., 3 Cir., 1960, 283 F.2d 96, 99, footnote 1 .    6

McSparran v. Weist, 402 F.2d 867 (3rd Cir. 10/02/1968) . . . . . . . . . . . .    7

Mitchell v. United States, 1875, 21 Wall. 350, 353, 22 L. Ed. 584 . . . . . .    6

Nascone v. Spudnuts, Inc., 735 F.2d 763, 764 (3d Cir. 1984) . . . . . . . . .    2

National-Standard Co. v. Adamkus, 881 F.2d 352, 356 n.3 (7th Cir. 1989)    2

Stine v. Moore, 5 Cir., 1954, 213 F.2d 446, 448 . . . . . . . . . . . . . . . . . . .   6

Smith v. Sperling, 1957, 354 U.S. 91, 93, footnote 1, 77 S. Ct. 1112, . . . .   6
    1 L. Ed. 2d 1205

Sunbelt Corp. v. Noble, Denton & Assoc, 5 F.3d 28, 30    2,9,10,11,12,13,14
    (3d Cir. 1993)

Sunshine Beauty Supplies, Inc. v. U.S. Dist. Ct., 872 F.2d 310, 311 . . . . .   2
    (9th Cir. 1989)

Thompson v. Moore, 8 Cir., 1940, 109 F.2d 372, 373-374 . . . . . . . . . . .   6

Van Dusen v. Barrack, 376 U.S. 612, 615 n.3 (1964) . . . . . . . . . . . . . . .   2

Warrick v. Gen. Elec. (In re Warrick), 70 F.3d 736, 739 (2d Cir. 1995) . .   2

Wichita Railroad & Light Company v. Public Utilities Commission, . . . . .   6
    1922, 260 U.S. 48, 53-54, 43 S. Ct. 51, 67 S. Ct. 124

White v. ABCO Engineering Corp., 199 F.3d 140 (3d Cir. 12/02/1999) . .   12

## OTHER AUTHORITIES

11 USC 109 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .        1,2,3,4,5,7,8

11 USC 307 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .        14

11 USC 324 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .        9

11 USC 350 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .        9

11 USC 362 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .      1,2,3,4,6,7,8,13

11 USC 522 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .        1,5

11 USC 524 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .        1,3,5

11 USC 544 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .        5,12

11 USC 547 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .        5

11 USC 1302 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .        9,13,14

18 USC 152 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .        13

28 USC 158 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .        2

28 USC 1332 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .        6

28 USC 1404 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .        2,5,13

28 USC 1651 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .        2

California Code of Civil Procedure 493.030(b) . . . . . . . . . . . . . . . .        5,11

California Evidence Code 623 . . . . . . . . . . . . . . . . . . . . . . . . . .        4

California Probate § 15685 . . . . . . . . . . . . . . . . . . . . . . . . . . .        4

FRBP 1014 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .        5

FRBP 7001 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .        13

FRBP 7004 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .        4,5

FRBP 7055 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .        8,10,11

FRBP 7065 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     9
FRBP 8001 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     2
FRBP 8002 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     2
FRCP 12(6)(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    10
FRCP 60(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    10

APPENDIX

## EMERGENCY MOTION CERTIFICATE  - FRBP 8011(d)

(i) The telephone numbers and office addresses of the attorneys for the parties;

| | |
|---|---|
| Andrea VanLeesten | Michael B. Joseph - Chapter 13 Trustee |
| 6080 Center Drive 6th Floor | 824 Market Street |
| Los Angeles, CA  90045 | P.O. Box 1351 |
| FAX 13102426142 | Wilmington, DE 19899-1351 |
| 13102426642 | 13026560123  - FAX 13026566660 |

(ii) Facts showing the existence and nature of the claimed emergency;

MANDAMUS is warranted by 11 USC 362 and an 11 USC 524 prior discharge. 11 USC 109 is satisfied. The Conservatorship of Williams failed in a previous Bankruptcy and the order of August 8, 2002 discharged in LA02-37195ER by AD02-03224ER.  The Conservatorship then procured orders violating 11 USC 524(a)(2) including a writ of possession violating 11 USC 522 also.  On July 26, 2005 the Conservatorship proceeded with an eviction in violation of 11 USC 362. The Conservatorship has persistently violated 11 USC 362 and has managed to escape enforcement of 11 USC 362(h) each time.   When Debtor filed an Emergency Motion and Adversarial Proceeding under FRBP 7065 – it was placed on calendar for hearing 30 days later.  In the meantime Debtor's property was confiscated, he locked out of his OWN HOME and his property stolen and his business thrown into disarray.  Not only was action of the Conservatorship a violation of the automatic stay, it was a "wrongful eviction" under California law as not having followed any course of Unlawful Detainer law.  See ***Cunningham v. Universal Underwriters*, 98 Cal.App.4th 1141, 120 Cal.Rptr.2d 162 (Cal.App. Dist.4 04/30/2002)** [A "wrongful eviction" thus occurs when the person recovering the property had no right to dispossess the other party from the property.]  "and a lessor's action to recover possession of real property is not one for unlawful detainer where he does not comply with the statutory notice requirements" (Lawrence Barker, Inc. v. Briggs (1952) 39 Cal. 2d 654, 661 [248 P.2d 897]).  An order violating 11 USC 524 was issued, and the Conservatorship blatantly violated 11 USC 362 from the very first day of filing LA02-37195ER. The Bankruptcy Court has ruled against the Code and this motion should not be remanded to it. IRREPARABLE HARM HAS NOW OCCURRED AND IS CONTINUING.

(iii) When and how counsel for the other parties were notified and whether they have been served with the motion; or, if not notified and served, why that was not done.

Parties were mailed this petition

1

## STATEMENT OF JURISDICTION

The petition is based on 28 U.S.C. 1651 and 28 U.S.C. 158. The bankruptcy court's order is final as to appellant. *Mayton v. Sears. Roebuck & Co.* **(In re Mayton), 208 B.R. 61, 63 (9th Cir. BAP 1997).** The appeal as a petition for writ is timely pursuant to Bankruptcy Rule 8001(a) and 8002(a). *Weston,* **41 F.3d at 495.**

## STANDARD OF REVIEW

It is a well-established rule in this circuit (and generally) that " 'orders transferring venue are not immediately appealable.' " Sunbelt Corp. v. Noble, Denton & Assoc., 5 F.3d 28, 30 (3d Cir. 1993) (quoting Carteret Sav. Bank, FA v. Shushan, 919 F.2d 225, 228 (3d Cir. 1990)); see also Hershey Foods Corp. v. Hershey Creamery Co., 945 F.2d 1272, 1278 (3d Cir. 1991) ("It is well-settled that orders granting or denying a change in venue are not proper subjects for interlocutory appeals.") (citing Nascone v. Spudnuts, Inc., 735 F.2d 763, 764 (3d Cir. 1984)); 15 Charles Alan Wright et al., Federal Practice & Procedure S 3855, at 472 (2d ed. 1986 & Supp. 2002) ("It is entirely settled that an order granting or denying a motion to transfer under 28 U.S.C.A. S 1404(a) is interlocutory and not immediately appealable . . . ."). However, we, like other courts, have held that " '[m]andamus is. . . the appropriate mechanism for reviewing an allegedly improper transfer order.' " In re United States, 273 F.3d 380, 385 (3d Cir. 2001) (alteration and ellipsis in original) (quoting Sunbelt, 5 F.3d at 30); see also Van Dusen v. Barrack, 376 U.S. 612, 615 n.3 (1964); In re Sealed Case, 141 F.3d 337, 340 (D.C. Cir. 1998); Warrick v. Gen. Elec. (In re Warrick), 70 F.3d 736, 739 (2d Cir. 1995); National-Standard Co. v. Adamkus, 881 F.2d 352, 356 n.3 (7th Cir. 1989); Sunshine Beauty Supplies, Inc. v. U.S. Dist. Ct., 872 F.2d 310, 311 (9th Cir. 1989); Hustler Magazine v. U.S. Dist. Ct., 790 F.2d 69, 70 (10th Cir. 1986). A bankruptcy court's assessment of damages under § 362(h) is reviewed for an abuse of discretion, *Groner v. Miller* **(In re Miller), 262 B.R. 499, 503 (9th Cir. BAP 2001).**

### SUMMARY OF THE CASE

Debtor is entitled to 11 USC 362(h) damages from THIS court. The California State Court has ruled that 11 USC 362 and 524 were exclusive Federal Jurisdiction. The California Central District Bankruptcy Court ruled that Roy Union and Debtor's businesses did not exist in California. When the State court would not stop and honor 11 USC 524; Debtor was forced to file for Bankruptcy in the only State where he and his businesses are subject to personal jurisdiction – that being Delaware. All rules were followed, and deadlines met by Debtor, then the Trustee; in concert with a violation of the Bankruptcy discharge of LA02-37195ER filed a motion to change venue. Debtor had already immediately filed Emergency Motions to enforce the automatic stay. The trustee instead joined in the violation of the automatic stay by concocting a story to the court untrue but in his own mind to seek to have Venue changed to where Debtor will be harmed and where the prior Bankruptcy Discharge is being ignored to steal his property.

The Bankruptcy Court with the Honorable Judith K. Fitzgerald presiding; on August 30, 2005 heard both motions – actually three motions – two from Debtor and the motion of trustee. The Court initially GRANTED largely all three. The court sua sponte ruled it would grant relief in Adversary 05-52205 BEFORE sending the matter back to California. Debtor's plan incorporates success on the Adversary 05-52205, and it appeared the Bankruptcy order of LA02-37195ER would be enforced by 11 USC 524.

September 8, 2005 the transfer order was entered, the clerk's default entry only of September 1, 2005, and September 2, 2005 an order dismissing the case due service.

The Adversary is not denominated in the order as being transferred, and nor did the Trustee move for it to be transferred. A call to the clerk, "Violetta" on September 8, 2005 revealed she entered the default. It did show on the "ecf" system, and the clerk's order, but at this writing Debtor is unable to reach the clerk again. Debtor seeks a Writ of Mandamus as the California Courts have ruled jurisdiction is not had in that State.

3

## ISSUE PRESENTED

CAN A BANKRUPTCY JUDGE ORDER A MATTER TRANSFERRED TO A
VENUE WHERE THE COURTS HAVE ALREADY RULED BY 11 UC 109 IT
IS THE IMPROPER DISTRICT WITH NO JURISDICTION OVER D/B/A OR
CORPORATE ENTITIES THE BANKRUTPCY ESTATE?    **ANSWER: NO**

## STATEMENT OF THE CASE

Debtor was ***wrongfully evicted*** VIOLATING 11 USC 362. Debtor needed to
access the equity in his home for his business.  Debtor had since the discharge of
LA02-37195ER had problems with business creditors and an ability to hire
required help due to his equity remaining tied up in an abuse of process.   Williams
continued using a VOID and VACATED order of August 8, 2002 determined in
AD02-03224ER in LA02-37195ER to NOT be one excepted from discharge.
Williams  instead AGAIN labeled it an _unlawful detainer action_ to contemptuously
continue collection efforts on the VOID order. By CA Evid Code 623, Williams
could no longer prosecute any issue to title once admitting it lawfully rested with
Debtor, who has suffered actual damages addressable by State Law by California
Probate Code 15685 which by Law are actual damages of $95 per day minimum.

## STATEMENT OF FACTS

11 USC 109 is satisfied with Debtor's business located in Delaware.  John
D. Williams, as a conservator of George W. Williams ("JD") violated 11 USC 362
July 26, 2005 by continuing with a "wrongful eviction" after the Bankruptcy was
filed. The agent for service of process of the Conservatorship, Andrea VanLeesten
was lawfully served by FRBP 7004(b)(2).  Debtor filed the motions the subject of
this Petition and no responses were had from JD.    The Bankruptcy court then
dismissed the adversary on September 2, 2005 for service.

4

The court transferred in accord FRBP 1014 and 28 USC 1404; but it was the Bankruptcy trustee who had strong arm powers and title to the property under 11 USC 544. It was the Bankruptcy Trustee who should have addressed the property at issue. The trustee failed to do his job and did not have standing to bring the Motion to Change Venue. **11 USC 109.** The Bankruptcy code was over-hauled in 1978 to prevent abuses like this[1]. See *In re Menk,* **No. SC-98-1816-KRyB (9th Cir. 11/05/1999) fn4** See *In re Davis,* **177 B.R. 907 (9th Cir. BAP 1995)**

## SUMMARY OF THE ARGUMENT

A void order may not be the basis for *res judicata* in Bankruptcy. ***In re La Sierra Financial Services, Inc.,* No. CC-01-1541-MaMoB (9th Cir. 11/29/2002)** By State Law at CCP 493.030(b) Writs of Attachment and Temporary Protective Orders (TPO's) created within 90 days of the filing for Bankruptcy are terminated by CA State Law and assets transferred to the Trustee for disposal under the powers of 11 U.S.C. § 544, *as such no return to State Court could be had to proceed to further judgment*. The trustee abandoned the entire estate back to Debtor. This is then clearly within the 90 day "preference period" under 11 U.S.C. § 547. The Trustee has the burden of proving the avoidability of such a transfer. 11 U.S.C. § 547(g). "The creditor or party in interest against whom recovery or avoidance is sought has the burden of proving the nonavoidability of a transfer under subsection (c) of this section." 11 U.S.C. § 547(g). No objections were filed. While the matter is supposed to be *res judicata* BY LAW, no court will enforce the law and instead keeps doing other things they create that do not comport with law. The automatic stay was clearly violated, Debtor evicted in violation thereof and of 11 USC 524 and 522, yet the Court returns Debtor to the problem place of venue, and rules for him in open court then back-tracks and fails to uphold that ruling. FRBP 7004 allows 120 days for service, and FRBP 7004(b)(2) was complied with.

---

[1] The Bankruptcy Commission found, and hearings before the Subcommittee on Civil and Constitutional Rights confirmed, that the most severe problem in the bankruptcy administration was the court system.

## ARGUMENT

## I.    DOMICILE, CITIZENSHIP AND IT'S ACQUISITION

The standard under 11 USC 362 is one of violation, not irreparable harm. ""Citizenship and domicile are synonymous for purposes of § 1332[2]. Ellis v. Southeast Construction Co., 8 Cir., 1958, 260 F.2d 280, 281; Stine v. Moore, 5 Cir., 1954, 213 F.2d 446, 448; Clemmer v. Kummer, D. Minn., 1960, 187 F.Supp. 736, 738. **The existence of diversity of citizenship is to be determined not as of the time the cause of action arises but as of the time suit is instituted.** Thompson v. Moore, 8 Cir., 1940, 109 F.2d 372, 373-374; McNello v. John B. Kelly, Inc., 3 Cir., 1960, 283 F.2d 96, 99, footnote 1; Clemmer v. Kummer, supra, p. 737 of 187 F.Supp. See Wichita Railroad & Light Company v. Public Utilities Commission, 1922, 260 U.S. 48, 53-54, 43 S. Ct. 51, 67 S. Ct. 124; Smith v. Sperling, 1957, 354 U.S. 91, 93, footnote 1, 77 S. Ct. 1112, 1 L. Ed. 2d 1205; Boesenberg v. Chicago Title & Trust Co., 7 Cir., 1942, 128 F.2d 245, 247, 141 A.L.R. 565.

Any person, sui juris, may make a bona fide change of domicile or citizenship at any time. Stine v. Moore, supra, p. 448 of 213 F.2d. However, one may have only one domicile at a time and a domicile once established persists until a new one is acquired. Ellis v. Southeast Construction Co., supra, p. 281 of 260 F.2d; Desmare v. United States, 1877, 93 U.S. 605, 610, 23 L. Ed. 959; Restatement of the Law of Conflict of Laws, § 23. Once acquired, it is presumed to continue until it is shown to have been changed. Mitchell v. United States, 1875, 21 Wall. 350, 353, 22 L. Ed. 584; Stine v. Moore, supra, p. 447 of 213 F.2d.

"To acquire a domicil of choice, the law requires the physical presence of a person at the place of the domicil claimed, coupled with the intention of making it

---

[2] 28 U.S.C. § 1332

his present home. When these two facts concur, the change in domicil is instantaneous. Intention to live permanently at the claimed domicil is not required. If a person capable of making his choice honestly regards a place as his present home, the motive prompting him is immaterial".'" *Janzen v. Goos*, **302 F.2d 421 (8th Cir. 04/27/1962).** The Court did not seek to establish Debtor's intention.

*Janzen* is cited in *McSparran v. Weist*, **402 F.2d 867 (3rd Cir. 10/02/1968)** and *en banc* ruling of the 3rd Circuit in which it is referenced in footnote 13, as a "manufactured diversity" and "trapped in the jurisdiction" Probate issue case.

Debtor filed the Adversary 05-52205 – AFTER – he was evicted, and thus had no California residence any longer. While not an issue of "diversity"; the Trustee's argument to send the matter to California is based on domicile that no longer exists. Trustee's view is wrong, and 11 USC 109 allows any party with a business or domicile to file in the district. Since the business was located in Delaware since 1996, clearly Debtor is entitled to file in the Delaware District.

The court based a September 8, 2005 order denying 362 enforcement on "irreparable harm" when the standard is the Creditor's violation, not harm measure

Finally, since the court took action on a component of the plan – being the adversary and the default was entered – the only issue is service upon the agent for service of process. That is "**WAS IT THE PROPER AGENT FOR SERVICE FOR THE CONSERVATORSHIP SERVED?**", and the answer is yes.

In California, a "Conservatorship" is much akin to a Public Corporation. The officer of the court is served. Indeed the California Courts have set it as thus:

> The sole purpose of a conservatorship is to provide a competent person to act, ***under the guidance of the probate court***, as the agent of the conservatee. **No title to the conservatorship estate vests in**

7

**the conservator.** When a conservatorship is created, whatever rights exist against the conservatee continue against the estate; when it is terminated, whatever rights existed against the estate continue against the conservatee*fn1 -- now restored to capacity to defend himself. By the same token, if the conservator, in his or its individual capacity, has wronged a third [276 CalApp2d Page 215] person by actions taken in the course of the conservatorship, its individual liability continues after the termination. ***Conservatorship Estate Truitt Matthew Stewart. Truitt Matthew Stewart v. Leon Omansky***, **276 Cal. App. 2d 211; 80 Cal. Rptr. 738 (September 18, 1969)**

*Certainly from this it is clear that who holds the judgment for the Conservatorship is actually the Court.*  Much like an Estate of a dead person, the Probate Court holds the property, and the Conservator is only the agent to the judgment.  While a Conservator can be sued personally for wrongs he is DOING, once a judgment is entered it is the property of the Court and the proper party to serve is the supervising officer of the Court of the Conservatorship.  In this respect, John D. Williams as "Conservator" of the Estate of Williams was properly served through the agent of the court officer employed by he, being Andrea VanLeesten. This by FRBP 7055 is a right of an entitlement that clearly warrants mandamus.

## II.    JUDGE FITZGERALD IGNORED THE STAY AS VIOLATED

Debtor is entitled to 11 USC 362(h) damages from THIS court.  The court before whom the contempt or transgression of the order is committed, is the court that must deal the sanction or punishment. 11 USC 362(h) is a ***shall*** grant statute.  It is an entitlement that warrants mandamus. The ***alleged and noticed creditor*** "Conservatorship of Williams" – by the hand of John D. Williams continued violating the Order of Discharge.  Judge FITZGERALD ignored 11 USC 109; 11 USC 362 and it appears ignored each right the Code demanded as a "shall grant" by law and behaved as though she had no duty to the Code and precedent.

See In re Atlantic Bus. and Community Corp., 901 F.2d 325, 328 (3d Cir. 1990) ("willful violation" requires that defendant knew of stay and that actions which violated stay were intentional); See also In re Landsdale Family Restaurants, 977 F.2d 826, 829 (3d. Cir. 1992) (violation "willful" if creditor knows of stay and takes intentional action violating it, and good faith belief insufficient to escape liability). Stalling and vacillating by the courts is a form of irreparable harm also.

FRCP 65(b) – which is FRBP 7065 directs an Emergency Motion take precedence over all other matters. In Judge Fitzgerald's court it does not and did not. July 26, 2005 a violation occurred and while properly moved, the court heard no evil and saw no evil. True, it appears Judge Fitzgerald was allegedly on vacation when the case was assigned, and has a heavy calendar Debtor can now see; however justice Delayed is Justice denied. The manner in which to resolve this amount of workload was then to "hot potato" it back to the place from which they believe it came. That is not policy in this circuit. See **Sunbelt Corp. v. Noble, Denton & Associates Inc., 5 F.3d 28 (3rd Cir. 07/13/1993)**

11 USC 350(a) is clear the case is closed when administered fully as was the California case and it is equally clear that to just refuse to do so will leave a poison-pill trail to deny access to the law by prejudicial beliefs just by appearance.

Domicile is defined by the litigant's intention, not what others want it to be, and the trustee simply poison-pilled Debtors' access to the law. **Janzen v. Goos, 302 F.2d 421 (8th Cir. 04/27/1962)** The Trustee mis-lead the court in his proffer on venue, and this demands he be removed for cause. See 11 USC 324.

The trustee's duties are defined at 11 USC 1302, and it does not include an adversarial attack on the Debtor absent the trustee finding fraud in the filing; yet this is exactly what the trustee did, and the court sanctioned behind his proffer.

In short the actions of the trustee and the court were to "throw the debtor out of court" for no good reason other than perhaps he is Black; an Amputee who cannot walk like normal people; has law absolutely on his side with a valid order under the Code that has him victorious; or, is too knowledgeable of the law.

The trustee has thwarted his job to intentionally make a mess of this only addressable by Writ of Mandamus. *Sunbelt Corp. v. Noble, Denton & Associates Inc.*, 5 F.3d 28 (3rd Cir. 07/13/1993) The Court granted a Default in accord law, and then withdrew it, on a lark that the wrong person appeared to have been served; and dismissed the case without other comment as to service issues. The Ninth Circuit addressed a very similar matter in *In re Lam*, 192 F.3d 1309, 99 Cal. Daily Op. Serv. 8152 (9th Cir. 10/04/1999) and came to an appellate conclusion the default should be granted by FRBP 7055, and then let the defaulting party appear and show by motion under FRCP 60(b) how the matter would have come out differently.

Here as in *Lam* after two years of silence, and immediately going into default in LA02-37195ER under AD02-02571ER, though the court refused to enter the default on some lark only it understands; to ever enter a final order would bring forward the issue that is before this court. Williams is in default, and the courts are stalling on entering the default to return Debtor's property to him free and clear. In the interim the hope can only be to damage him mortally that he cannot respond.

In *Lam* the court actually wrote "*Federal courts are not run like a casino game in which players may enter and exit on pure whim. A defaulted party may not re-enter litigation, particularly on appeal, on sheer caprice. It must follow proper procedure to set aside the default.*" Here, even the court served the Conservatorship and still no response. FRBP 7055 does not give the court the latitude to discretionarily decide "that must not be the correct address and person"; but instead FRBP 7055(b)(2) dictates that the movant instead is entitled to a prove-

up hearing to prove to the court any problems in the default.

Here, Williams filed AD02-03224ER in response to AD02-02571ER because they had gone into default in AD02-02571ER, and still failed in a 12(b)(6) dismissal which caused their unsecured order to firmly discharge in LA02-37195ER. The trustee could have only contacted the Conservatorship of Williams by phone to have taken such a personal affront to the Bankruptcy, and thus there must be a conspiracy in that respect; however, this court need not reach that issue.

Here the default matter is clear. The proper party was served. The default was entered by the clerk, and the court SHALL and MUST enter the judgment by FRBP 7055(b) upon no objection from the defaulting party. In *Lam* the court believed it did not have the power to enter such a similar type default by *Nobelman v. American Savings Bank*, **508 U.S. 324 (1993)**. Here however, this is not a superior lien holder scenario – that i.e. a "mortgage company"; but as in *Lam* this is an unsecured Judicial lien that actually dissolved and discharged automatically by State law at the filing of Bankruptcy by California Code of Civil Procedure 493.030(b). The Probate Court itself VACATED the order on September 23, 2003 in a NOTICED motion, a copy of the order of which was attached the adversary complaint – in which once again no response was had by the Conservatorship of Williams. Here as in *Lam* the court must be ordered to do it's job and enter the default judgment as it was plead in the complaint and proposed as an order to the court. ***It is simply that mandamus applies here also.***

The alternative is and was for the court to operate under FRBP 7055(b)(2), which was done in even this case and still no response; however the court in NOT supposed to take a posture to defend a non-appearing litigant by refusing the default mandate 7055. The court cannot defend the defaulting party ***sua sponte***.

These two issues command Mandamus, and immediately

11

## II.    MANDAMUS IS ABSOLUTELY WARRANTED AS A REMEDY

A void order may not be the basis for *res judicata* in Bankruptcy. ***In re La Sierra Financial Services, Inc., No. CC-01-1541-MaMoB (9th Cir. 11/29/2002)*** By State Law at California Code of Civil Procedure 493.030(b) Writs of Attachment and Temporary Protective Orders (TPO's) created within 90 days of the filing for Bankruptcy are terminated by State Law and assets transferred to the Trustee for disposal under the powers of 11 U.S.C. § 544, *as such no return to State Court could be had to proceed to further judgment*. The trustee abandoned the entire estate back to Debtor in LA02-37195ER on January 2, 2003 and no objections were filed. This matter is automatically by law, *res judicata*.

The Court did not even address the pleadings as filed to show the violations of the automatic stay or the damages Debtor suffered. Debtor cajoled the court with the story of how one of Jeffery Dahmer's victims got away, located Police, begged for help, and the Police saw it as "gay spat"; sent him right back where he was promptly killed and eaten. Dahmer was not caught until four victims later.

The issue of prior discharge and the injunction thereof should have been paramount to the court and the Trustee as to enforcement. The Debtor pleaded with the court as to such. It fell on deaf ears as to content. The Court supported the trustee's motion with no reference to law at all. It is an abuse of discretion and gross error when based on a domicile theory. *Janzen*

The court had no jurisdiction to move the case to a venue which already rejected it and the Debtor testified as such clearly on the record. *Sunbelt*

Here as in *White v. ABCO Engineering Corp.*, **199 F.3d 140 (3d Cir. 12/02/1999)** the court does not give any reason under law. In *White* the court wrote: "The authority for the transfer to the District of New Jersey is not recited in

the order. The most obvious source is 28 U.S.C. § 1404(a) which provides: "For the convenience of parties and witnesses, in the interest of Justice, a district court may transfer any civil action to any other district or division where it might have been brought."*fn4 This section makes no mention of transfer by stipulation, in contrast to the succeeding section which allows for transfer by "motion, consent or stipulation of all parties," but only for (intra-court) inter-division, not inter-district transfer. See 28 U.S.C. § 1404(b)" The problem is that such a reasoning does not apply to Bankruptcy. *Sunbelt* instead is what would control, and it does not apply to give jurisdiction to the court for the transfer either – Debtor's business and domicile is in Delaware. Using a VOID order, 11 USC 362(h) especially applies.

## III.   THE TRUSTEE'S DUTIES WERE LIMITED TO 11 USC 1302

11 USC 1302(b) reads:
(b) The trustee shall -
(1) perform the duties specified in sections 704(2), 704(3), 704(4), 704(5), 704(6), 704(7), and 704(9) of this title;
(2) appear and be heard at any hearing that concerns
(A) the value of property subject to a lien;
(B) confirmation of a plan; or
(C) modification of the plan after confirmation;
(3) dispose of, under regulations issued by the Director of the Administrative Office of the United States Courts, moneys received or to be received in a case under chapter XIII of the Bankruptcy Act;
(4) advise, other than on legal matters, and assist the debtor in performance under the plan; and
(5) ensure that the debtor commences making timely payments under section 1326 of this title.
(c) If the debtor is engaged in business, then in addition to the duties specified in subsection (b) of this section, the trustee shall perform the duties specified in sections 1106(a)(3) and 1106(a)(4) of this title.

The trustee fails miserably at item 4. The adversary under FRBP 7001(2) was a part of the Debtor's plan. The trustee torpedoed it instead to support an aberrance and violation of the Bankruptcy Code by others. See 18 USC 152(4)

13

Trustee's motion in no way refers to any problem issues as above in 1302(b)(1). Nor does it cite to any support under the requisites found in **Sunbelt**.

Certainly the Trustee may appear and be heard by 11 USC 307; however it limited to his duties under the applicable code section – that being in this case 1302. Finally the trustee and court took action as to conclude the meeting of the creditors and had a confirmation hearing set; so the Debtor should not be prejudiced by having these derailed from a questionable transfer order. This raises the "interested party" issue as to transfer of venue – and the trustee should not care.

## IV.  CONCLUSION

The Court wants to escape duty and couch it's rulings in issues of service. This petition explains how service was proper. Moreover, the issue is the "judgment" obtained by a "Conservatorship" which clearly by California Law, the COURT holds for the Conservatee. Since John D. Williams has no interest or title in it, the proper party to serve was Andrea VanLeesten as the Officer of the Court by California Probate law. Even if she were not the proper agent, she would have the duty by Probate law to forward the service of such article to the proper party.

The courts are quick to rule against a pro se person no matter how correct they are. The Trustee's embarrassment would stem from his incorrect views.

The Court is supposed to be an honorable place where law is enforced; and not where shenanigan games of mischief are played on those who come before it in order to support fellow legal brethren in their transgressions of the law; but that is EXACTLY what has gone on here. The goal here was to beat up on a pro se party, who is CORRECT, and play a MIRROR and SHELL game while his property is stolen using the appearance of law so other attorneys can get "paid" from the spoils of the plunder. Ugly but bluntly true.

I grew up about 2 miles from where Chief Justice William H. Rehnquist resided early in his career in Milwaukee, WI. He was in Shorewood one mile east on Capitol Drive. My Mother was in his courtroom as an officer of the court – a Probation Officer. I actually met the cold eyes and heart of Jeffery Dahmer personally living barely one half mile from where his killing occurred at that time in my life. I escaped his cold but affable charm when I met him one night at "Golden Chicken" on Wisconsin Ave. My Mother as an Adult Probation Officer for 18 years and retired from Milwaukee County but always instilled truth and honor to pursue one's rights under law; but at 49 years old, I can't say I have ever seen the like of thievery so blatant as it is from Attorneys at Law with lies and innuendo totally untrue to steal and plunder the property of others. So bad is it they force a Bankruptcy, cannot succeed and then just blatantly violate the injunction to get away with it. When it appears this court has finally ruled properly, behind closed doors, the ruling changes. It has been over 60 days on an "Emergency Motion" and the thieves are still in possession of my property in violation of 11 USC 362. Certainly mandamus is warranted as an Appeal back where it would be transferred would not only be unfair – it would sit and rot on the shelves untouched by the court in anyway. Justice delayed will be justice denied.

The Court must grant an order of a Writ of Mandamus ordering:

1. Entry of the Default Judgment order as proposed, in AD 05-52205 JKF,
2. To order the Bankruptcy court to VACATE it's order of Transfer as one without jurisdiction to have entered in the first place, and;
3. To order the Bankruptcy court to GRANT the motion to enforce the automatic stay in the main case denied September 8, 2005 for "harm"

I declare by the laws of the State of Delaware under penalty perjury the above is true and correct signed at Wilmington, Delaware this 14th day of September 2005

Reginald P. Burgess, Debtor

15

## CERTIFICATE OF COMPLIANCE  [FRAP 32(a)(7)(C)]

This brief is in Proportional 14 point type and is 15 pages long, with 5,197 words, comprised of 24,889 characters in 98 paragraphs and has 470 lines of text relied upon by Microsoft Word version 7 in Times New Roman 14 point type including footnotes and headers in the count

Dated this 14th Day of September 2005

_____

Reginald Burgess,  Debtor

## NOTICE OF RELATED CASES [FRAP 28]

No known related cases are pending in this circuit

Dated this 14th Day of September 2005

_____

Reginald Burgess,  Debtor

**APPENDIX – THE COURT'S ORDERS**

**The transcript – as a CD is ON ORDER**

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

IN RE:

REGINALD P. BURGESS,                    )       Bk. Case No. 05-12005 (JKF)
                                        )
            Debtor.                     )       Chapter 13


## ORDER TRANSFERRING VENUE OF CASE


   AND NOW, TO-WIT, this _30_ day of August, 2005, upon Notice and Hearing of the
Trustee's Motion to Transfer Venue, *and for the reasons expressed
on the record,*
   IT IS ORDERED, that venue of the within case is to be immediately transferred to the
United States Bankruptcy Court for the Central District of California, Los Angeles.


                            _Judith K. Fitzgerald_
                            United States Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

IN RE

Reginald P. Burgess            Bankruptcy No. 05-12005-JKF
    Debtor                     Chapter 13

                               **Related to Dkt. No. 10, Emergency Ex
                               Parte Motion to Enforce Automatic Stay**

### ORDER DENYING EMERGENCY EX PARTE MOTION TO ENFORCE
### AUTOMATIC STAY

AND NOW, this ___8th___ day of **September, 2005.**

**WHEREAS** Debtor filed the above-captioned motion to enforce the stay;

**WHEREAS** Debtor did not serve the motion on the purported respondent, identified in the motion only as "Williams";

**WHEREAS** the motion alleged no facts establishing that "immediate and irreparable injury, loss or damage" would result before the purported respondent could be heard in opposition;

It is **ORDERED** that the motion is **DENIED.**

_Judith K. Fitzgerald_
Judge Judith K. Fitzgerald
United States Bankruptcy Judge



ORIGINAL

Reginald P. Burgess
3422 Old Capitol Trail #1068
Wilmington, DE 19808-6192
Attorney for Reginald P. Burgess

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

REGINALD P. BURGESS,
　　　　　　　　Debtor,

In re also ADV 05-52205 complaint and motion
Docket items 1,2 and 3

Chapter 13
Case No. 05-12005 JKF

**Notice of Motion and Motion for
Reconsideration and Clarification re:
Ruling of hearing August 30, 2005 to
Transfer Venue**

October 25, 2005, Courtroom 6   9:45 a.m.
HONORABLE JUDITH K. FITZGERALD

　　　　Please take Notice that on October 25, 2005 Debtor Reginald P. Burgess
intends to move the Court of the Honorable Judith K. Fitzgerald for a Order
reconsidering it's previous change of Venue Order at 824 Market Street,
Wilmington, DE, 19801; in Courtroom 6, based upon the Debtor's Declaration
filed this date and the previous ruling of the court which moots the order to
transfer venue itself under the Bankruptcy code and the Debtor's plan. This
motion is based upon the **Declaration re: Ruling of hearing August 30, 2005
with Proposed Order [Reconsideration and Clarification]** filed this date.

　　　　Debtor is seeking an order VACATING the order of Transfer of Venue

I declare by the laws of the State of Delaware under penalty
perjury the above is true and correct signed at Wilmington,
Delaware this 8th day of September 2005

Declaration re: Proposed Order and Reconsideration of August 30, 2005

Reginald P. Burgess, Debtor

Reginald Burgess
3422 Old Capitol Trail #1068
Wilmington, DE 19808-6192

-1-

# UNITED STATES BANKRUPTCY COURT
## District of Delaware

**In Re:**                                      **Chapter:** 13
Reginald P. Burgess
3422 Old Capitol Trail # 1068
Wilmington, DE 19808−6192
**SSN:** xxx−xx−5462                            **Case No.:** 05−12005−JKF
Reginald P. Burgess
American Group Publishing
Roy Union

### NOTICE OF HEARING

The above reference debtor has filed a Motion to Reconsider Order Transferring Venue of Case .

A hearing regarding this motion is scheduled for 10/25/05 at 09:45 AM in the United States Bankruptcy Court, 824 Market Street, 5th Floor, , Wilmington, DE 19801 . Objections are due on or before 10/17/05 .

David D. Bird
Clerk of Court

Dated: 9/12/05

(VAN−401)

**U.S. BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**
824 MARKET STREET, WILMINGTON, DE 19801
FAX NO. 302-573-6006

**TRANSCRIPT ORDER**
*(Please fill out all spaces completely)*

1. NAME: REGINALD BURGESS
2. FIRM NAME & TELEPHONE NUMBER: Pro Chen 302-894-9909
3. DATE: Aug 31, 2005
4. MAILING ADDRESS: 3422 Old Capitol Tr #68
5. CITY: Wilmington
6. STATE: DE
7. ZIP CODE: 19808

8. CASE NAME & NUMBER: In re Burgess 05-12065 JKF
9. NAME OF JUDGE: Judith K. Fitzgerald
10. CITY & STATE: Wilmington DE

LOCATION OF PROCEEDINGS

11. DATE AND TIME OF HEARING: 8/31/05 9:45

TYPE OF DELIVERY

TRANSCRIPT ☐
CD ☒

Entire Hearing is O.K. (Certification)

FIRST COPY
ADDITIONAL COPIES

ORIGINAL (Includes One Free Copy for the Court)

12. PLACE ORDER BELOW

CATEGORY
ORDINARY (30 Days)
EXPEDITED (7 Days)
DAILY (3 days)

CERTIFICATION (13 & 14) By signing below, I certify that I will pay all charges (deposit plus additional)

13. SIGNATURE
14. DATE: 9/2/05

$26.00 CD

CUSTOMER'S RECEIPT
UNITED STATES POSTAL SERVICE
KEEP THIS RECEIPT FOR YOUR RECORDS
2005-09-02
$26.00
NOT NEGOTIABLE

# UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE
### THIRD CIRCUIT

---

**Reginald P. Burgess,**
        **Debtor,**


**Reginald P. Burgess,**                    **Bankruptcy No. 05-12005 JKF**
        **Petitioner**                       **Adversary No.  05-52205 JKF**
    **v.**

                                            **PROOF OF SERVICE**

**John D. Williams**
        **Respondent.**

---

## TO THE COURT, PARTIES AND ALL COUNSEL OF RECORD:

I have this day, pursuant to FRBP 7005 [FRCP 5] MAILED true and correct copies of this DOCUMENT to:

- ■ EMERGENCY -- PETITION FOR WRIT OF MANDAMUS

To the following individuals addressed as follows:

Andrea VanLeesten                      Michael B. Joseph - Chapter 13 Trustee
6080 Center Drive, 6TH Fl              824 Market Street
Los Angeles, CA  90045-9209           P.O. Box 1351
                                      Wilmington, DE 19899-1351

cc: Honorable Judith K. Fitzgerald, 824 Market Street, 3rd fl, Wilmington, DE 19801

I declare by the laws of the State of Delaware under penalty
perjury the above is true and correct signed at Wilmington,
Delaware this 14th day of September, 2005                    Reginald P. Burgess, Debtor

                                            **Reginald Burgess**
                                    **3422 Old Capitol Trail #1068**
                                            **Wilmington, DE**
                                            **19808-6192**