ORIGINAL

1  Reginald P. Burgess
2  3422 Old Capitol Trail #1068
   Wilmington, DE 19080-6192
3  Attorney for: Reginald P. Burgess



FILED

OCT - 3 2005

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

REGINALD P. BURGESS,
        Debtor,

REGINALD P. BURGESS,
        Plaintiff,

v.

JOHN D. WILLIAMS
        Defendant.

District Court No. 05-00677-GMS
Chapter 13
Case No. 05-12005 JKF
ADV No. 05-52205 JKF

NOTICE OF
LODGING OF PROPOSED ORDER
ATTACHED UPON THE 7 DAY RULE BY
FRBP 8011(a) AND PROOF OF SERVICE
BY FRBP 8008(d) AND 5005(a)(2)

HONORABLE GREGORY M. SLEET

## TO THE COURT:

In accord FRBP 8011(a) more than seven days has passed since service of the petition and there has been no reply despite service occurring by FRBP 8008(d) by the U.S. Postal Service by Delivery Confirmation as articles 03050830000281293103 to the Trustee and 03050830000281293127 to the Conservatorship of Williams and that FRBP 5005(a)(2) and local rules of service by posting as to the Electronic means on the Electronic Case Filing System (ecf) on September 16, 2005 were complied with and there has been no response, thus Debtor is requesting the attached order be considered and signed pursuant to the petition and the applicable portions of the Bankruptcy code set forth in the order

I declare by the laws of the State of Delaware under penalty perjury the above is true and correct signed at Wilmington, Delaware this 28th day of September, 2005

Reginald P. Burgess, Debtor

Notice of Lodging of Proposed Order

Reginald Burgess
3422 Old Capitol Trail #1068
Wilmington, DE 19808-6192

-1-

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE
THIRD CIRCUIT

---

| | |
|---|---|
| Reginald P. Burgess,<br>Debtor, | District Court No. 05-00677-GMS |
| Reginald P. Burgess,<br>Petitioner | Bankruptcy No. 05-12005 JKF<br>Adversary No. 05-52205 JKF |
| v. | ORDER GRANTING<br>PETITION FOR WRIT OF |
| John D. Williams<br>Respondent. | MANDAMUS |

---

This is an order upon command of law under 11 USC 362 and section 362(h)

Debtor filed September 16, 2005 pursuant to FRBP 8011(d) an -- EMERGENCY -- PETITION FOR WRIT OF MANDAMUS from case 05-12005 JKF on Petition from the United States Bankruptcy Court for the District of Delaware rulings of August 30, 2005, Judge Judith K. Fitzgerald, Bankruptcy Judge presiding involving an Order to Transfer Venue upon motion by the Chapter Thirteen Trustee. Debtor filed responses opposing the Trustee's motion and had filed motions to enforce the automatic stay in both an adversary he had filed as a component of the Debtor's plan, and as for damages by 11 USC 362(h) in the main Bankruptcy. Debtor avers that he is entitled to file for Bankruptcy in this district citing 11 USC 109. No response was filed within seven days as allowed by FRBP 8011, though the record indicates the parties were served. Debtor filed a CD copy of the record and transcribed version. Mandamus is warranted by the Bankruptcy Code itself.

1

For the reasons below, the Court GRANTS the Petition and Orders the Bankruptcy court to reverse it's orders transferring Venue and Denying the Motions to enforce the Automatic Stay.

## JURISDICTION

Debtor's petition was based on 28 U.S.C. 1651 and 28 U.S.C. 158. The bankruptcy court's order is final as to appellant. ***Mayton v. Sears. Roebuck & Co.* (In re Mayton), 208 B.R. 61, 63 (9th Cir. BAP 1997).** The appeal as a petition for writ is timely pursuant to Bankruptcy Rule 8001(a) and 8002(a). ***Weston,* 41 F.3d at 495.**

## STANDARD OF REVIEW

It is a well-established rule in this circuit (and generally) that " 'orders transferring venue are not immediately appealable.' " Sunbelt Corp. v. Noble, Denton & Assoc., 5 F.3d 28, 30 (3d Cir. 1993) (quoting Carteret Sav. Bank, FA v. Shushan, 919 F.2d 225, 228 (3d Cir. 1990)); see also Hershey Foods Corp. v. Hershey Creamery Co., 945 F.2d 1272, 1278 (3d Cir. 1991) ("It is well-settled that orders granting or denying a change in venue are not proper subjects for interlocutory appeals.") (citing Nascone v. Spudnuts, Inc., 735 F.2d 763, 764 (3d Cir. 1984)); 15 Charles Alan Wright et al., Federal Practice & Procedure S 3855, at 472 (2d ed. 1986 & Supp. 2002) ("It is entirely settled that an order granting or denying a motion to transfer under 28 U.S.C.A. S 1404(a) is interlocutory and not immediately appealable . . . ."). However, we, like other courts, have held that " '[m]andamus is. . . the appropriate mechanism for reviewing an allegedly improper transfer order.' " In re United States, 273 F.3d 380, 385 (3d Cir. 2001) (alteration and ellipsis in original) (quoting Sunbelt, 5 F.3d at 30); see also Van Dusen v. Barrack, 376 U.S. 612, 615 n.3 (1964); In re Sealed Case, 141 F.3d 337, 340 (D.C.

Cir. 1998); Warrick v. Gen. Elec. (In re Warrick), 70 F.3d 736, 739 (2d Cir. 1995); National-Standard Co. v. Adamkus, 881 F.2d 352, 356 n.3 (7th Cir. 1989); Sunshine Beauty Supplies, Inc. v. U.S. Dist. Ct., 872 F.2d 310, 311 (9th Cir. 1989); Hustler Magazine v. U.S. Dist. Ct., 790 F.2d 69, 70 (10th Cir. 1986). A bankruptcy court's assessment of damages under § 362(h) is reviewed for an abuse of discretion, **Groner v. Miller (In re Miller), 262 B.R. 499, 503 (9th Cir. BAP 2001).**

## SUMMARY OF THE CASE

On July 19, 2005 Debtor filed for Chapter thirteen Bankruptcy in this District. On July 26, 2005 Debtor was evicted by a creditor in California ignoring the automatic stay. Debtor filed satisfactory proof of such occurrences. Debtor is entitled to 11 USC 362(h) damages from THIS court. Debtor filed for Bankruptcy in the only State where he and his businesses are subject to personal jurisdiction – that being Delaware. All rules were followed, and deadlines met by Debtor, then the Trustee; in concert with a violation of the Bankruptcy discharge of LA02-37195ER filed a motion to change venue. Debtor had already immediately filed Emergency Motions to enforce the automatic stay.

The Bankruptcy Court with the Honorable Judith K. Fitzgerald presiding; on August 30, 2005 heard both motions – actually three motions – two from Debtor and the motion of trustee. The Court, in accord the record of the hearing, initially GRANTED largely all three. The court sua sponte ruled it would grant relief in Adversary 05-52205 BEFORE sending the matter back to California. Debtor's plan incorporates success on the Adversary 05-52205, and it appeared the Bankruptcy order of LA02-37195ER would be enforced by 11 USC 524.

September 8, 2005 the transfer order was entered, the clerk's default

3

entry only of September 1, 2005, and September 2, 2005 an order dismissing the adversary due service upon "Andrea VanLeesten"; not John D. Williams defendant

The Adversary is not denominated in the order as being transferred, and nor did the Trustee move for it to be transferred. Debtor avers that he made a call to the clerk, "Violetta" on September 8, 2005 revealed she entered the default. It does show on the "ecf" system, and the clerk's order. Debtor seeks a Writ of Mandamus as the California Courts have ruled jurisdiction is not had in that State.

## DISCUSSION

I.     **The Automatic Stay under 11 USC 362 is an automatic injunction**

11 USC 541 brings all property of the Debtor before the court where the Petition is filed. A Petition is the Order for Relief. Debtor was therefore **wrongfully evicted** VIOLATING 11 USC 362. Debtor needed to access the equity in his home for his business. Debtor had since the discharge of LA02-37195ER had problems with business creditors and an ability to hire required help due to his equity remaining tied up in an abuse of process. Williams continued using a VOID and VACATED order of August 8, 2002 determined in AD02-03224ER in LA02-37195ER to NOT be one excepted from discharge. Williams instead AGAIN labeled it an *unlawful detainer action* to contemptuously continue collection efforts on the VOID order. By CA Evid Code 623, Williams could no longer prosecute any issue to title once admitting it lawfully rested with Debtor, who has suffered actual damages addressable by State Law by California Probate Code 15685 which by Law are actual damages of $95 per day minimum.

4

11 USC 109 is satisfied with Debtor's business located in Delaware. John D. Williams, as a conservator of George W. Williams ("JD") violated 11 USC 362 July 26, 2005 by continuing with a "wrongful eviction" after the Bankruptcy was filed. The agent for service of process of the Conservatorship, Andrea VanLeesten was lawfully served by FRBP 7004(b)(2). Debtor filed the motions the subject of this Petition and no responses were had from JD. The Bankruptcy court then dismissed the adversary on September 2, 2005 for service.

The court transferred in accord FRBP 1014 and 28 USC 1404; but it was the Bankruptcy trustee who had strong arm powers and title to the property under 11 USC 544. It was the Bankruptcy Trustee who should have addressed the property at issue. The trustee failed to do his job and did not have standing to bring the Motion to Change Venue. **11 USC 109.** The Bankruptcy code was over-hauled in 1978 to prevent abuses like this[1]. See ***In re Menk*, No. SC-98-1816-KRyB (9th Cir. 11/05/1999) fn4** See ***In re Davis*, 177 B.R. 907 (9th Cir. BAP 1995)**

In California, a "Conservatorship" is much akin to a Public Corporation. The officer of the court is served. Indeed the California Courts have set it as thus:

> The sole purpose of a conservatorship is to provide a competent person to act, ***under the guidance of the probate court***, as the agent of the conservatee. **No title to the conservatorship estate vests in the conservator.** When a conservatorship is created, whatever rights exist against the conservatee continue against the estate; when it is terminated, whatever rights existed against the estate continue against the conservatee*fn1 -- now restored

---

[1] The Bankruptcy Commission found, and hearings before the Subcommittee on Civil and Constitutional Rights confirmed, that the most severe problem in the bankruptcy administration was the court system.

to capacity to defend himself. By the same token, if the conservator, in his or its individual capacity, has wronged a third [276 CalApp2d Page 215] person by actions taken in the course of the conservatorship, its individual liability continues after the termination. ***Conservatorship Estate Truitt Matthew Stewart. Truitt Matthew Stewart v. Leon Omansky*, 276 Cal. App. 2d 211; 80 Cal. Rptr. 738 (September 18, 1969)**

Certainly from this it is clear that who holds the judgment for the Conservatorship is actually the Court. Much like an Estate of a dead person, the Probate Court holds the property, and the Conservator is only the agent to the judgment. While a Conservator can be sued personally for wrongs he is DOING, once a judgment is entered it is the property of the Court and the proper party to serve is the supervising officer of the Court of the Conservatorship. In this respect, John D. Williams as "Conservator" of the Estate of Williams was properly served through the agent of the court officer employed by he, being Andrea VanLeesten. This by FRBP 7055 is a right of an entitlement that clearly warrants mandamus.

For John D. Williams or the Conservatorship to continue violated 11 USC 362, and Debtor is to be restored to his property with damages applicable. The question of the propriety of the California Court's orders are to be addressed by this Bankruptcy Court under the Bankruptcy code.

**II.    Debtor is entitled to 11 USC 362(h) damages from THIS court.**

The court before whom the contempt or transgression of the order is committed, is the court that must deal the sanction or punishment. 11 USC 362(h) is a ***shall*** grant statute. It is an entitlement that warrants mandamus. The ***alleged and noticed creditor*** "Conservatorship of Williams" – by the hand of John D. Williams continued violating the Order of Discharge.

See In re Atlantic Bus. and Community Corp., 901 F.2d 325, 328 (3d Cir. 1990) ("willful violation" requires that defendant knew of stay and that actions which violated stay were intentional); See also In re Landsdale Family Restaurants, 977 F.2d 826, 829 (3d. Cir. 1992) (violation "willful" if creditor knows of stay and takes intentional action violating it, and good faith belief insufficient to escape liability).

The manner in which to resolve a heavy calendar workload is not to then "hot potato" it back to the place from which it came. That is not policy in this circuit. See *Sunbelt Corp. v. Noble, Denton & Associates Inc.*, **5 F.3d 28 (3rd Cir. 07/13/1993)** [issues of fair play must be in assured]

The trustee believed the case was still open in California. 11 USC 350(a) is clear the case is closed when administered fully as was the California case and it is equally clear that to just refuse to do so will leave a poison-pill trail to deny access to the law by prejudicial beliefs just by appearance. This summons the principles of *Sunbelt*. Further, domicile is defined by the litigant's intention, not what others want it to be, and the trustee's motion simply poison-pilled Debtors' access to the law. *Janzen v. Goos*, **302 F.2d 421 (8th Cir. 04/27/1962)**

The trustee's duties are defined at 11 USC 1302, and it does not include an adversarial attack on the Debtor absent the trustee finding fraud in the filing; yet this is exactly what the trustee did, and the court sanctioned behind his proffer.

The Debtor cited that the Ninth Circuit addressed a very similar matter in *In re Lam*, **192 F.3d 1309, 99 Cal. Daily Op. Serv. 8152 (9th Cir. 10/04/1999)** and came to an appellate conclusion the default should be

7

granted by FRBP 7055, and then let the defaulting party appear and show by motion under FRCP 60(b) how the matter would have come out differently.

This court agrees with the prevailed view on this issue of default. As the proper party was served as to the Conservatorship of Williams, then Williams had no excuse for not answering – save perhaps they knew they had violated the automatic stay and hoped this court's arm would not reach. Here as in *Lam* the court must be ordered to do it's job and enter the default judgment as it was plead in the complaint and proposed as an order to the court. *It is simply that mandamus applies here also.*

### III.   Transfer was not appropriate under 28 USC 1404

28 U.S.C. § 1404(a) which provides: "For the convenience of parties and witnesses, in the interest of Justice, a district court may transfer any civil action to any other district or division where it might have been brought."*fn4 This section makes no mention of transfer by stipulation, in contrast to the succeeding section which allows for transfer by "motion, consent or stipulation of all parties," but only for (intra-court) inter-division, not inter-district transfer. See 28 U.S.C. § 1404(b)" The problem is that such a reasoning does not apply to Bankruptcy. *Sunbelt* instead is what would control, and it does not apply to give jurisdiction to the court for the transfer either – Debtor's business and domicile is in Delaware. Using a VOID order, 11 USC 362(h) especially applies.

### IV.   DISPOSITION

The Court cannot escape duty and couch it's rulings in issues of service. Debtor's petition explains how service was proper. Moreover, the issue is the "judgment" obtained by a "Conservatorship" which clearly by

8

California Law, the COURT holds for the Conservatee. Since John D. Williams has no interest or title in it, the proper party to serve was Andrea VanLeesten as the Officer of the Court by California Probate law. By FRBP 8011 and the FRAP, the Conservatorship had 10 days to reply to Debtor's Petition and did not. The Debtor's Petition is GRANTED

The Court must grant an order of a Writ of Mandamus ordering:

1. Entry of the Default Judgment order as proposed, in AD 05-52205 JKF,
2. To order the Bankruptcy court to VACATE it's order of Transfer as one without jurisdiction to have entered in the first place, and;
3. To order the Bankruptcy court to GRANT the motion to enforce the automatic stay in the main case denied September 8, 2005 for "harm"

The WRIT is GRANTED as to MANDAMUS and the matter is remanded to the Bankruptcy Court for rulings consistent with this opinion

**DATED:**

_____
**Gregory M. Sleet**
**U.S. District Court Judge**

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| REGINALD P. BURGESS,<br>Debtor, | District Court No. 05-00677-GMS<br>Chapter 13<br>Case No. 05-12005 JKF |
| REGINALD P. BURGESS,<br>Plaintiff,<br>v.<br>JOHN D. WILLIAMS<br>Defendant. | ADV No. 05-52205 JKF<br><br>PROOF OF SERVICE<br><br>HONORABLE GREGORY M. SLEET |

I have this day, pursuant to FRBP 7005 [FRCP 5] mailed true and correct copies of this proof of mailing and:

**NOTICE OF**
**LODGING OF PROPOSED ORDER ATTACHED UPON THE 7 DAY RULE BY FRBP**
**8011(a) AND PROOF OF SERVICE BY FRBP 8008(d) AND 5005(a)(2)**

To the following individuals addressed as follows:

Andrea VanLeesten           Michael B. Joseph - Chapter 13 Trustee
Conservatorship of Williams  824 Market Street
6080 Center Drive, 6th Floor P.O. Box 1351
Los Angeles, CA  90045-9209  Wilmington, DE 19899-1351

I declare by the laws of the State of Delaware under penalty perjury the above is true and correct signed at Wilmington, Delaware this 28th day of September, 2005

Reginald P. Burgess, Debtor

Notice of Lodging of Proposed Order

Reginald Burgess
3422 Old Capitol Trail #1068
Wilmington, DE 19808-6192

-2