Reginald P. Burgess
3422 Old Capitol Trail #1068
Wilmington, DE 19080-6192
Attorney for: Reginald P. Burgess



FILED
OCT 5 - 2005
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| REGINALD P. BURGESS,<br>    Debtor, | District Court No. 05-00677-GMS<br>Chapter 13 |
| REGINALD P. BURGESS,<br>    Plaintiff, | Case No. 05-12005 JKF<br>ADV No. 05-52205 JKF |
| v. | **TRANSCRIBED AUDIO FILE OF** |
| JOHN D. WILLIAMS<br>    Defendant. | **HEARING OF AUGUST 30, 2005 BEFORE THE HONORABLE JUDITH K. FITZGERALD ON THE 9:45 A.M. CALENDAR** |
| | HONORABLE GREGORY M. SLEET |

Before the HONORABLE JUDITH K. FITZGERALD - 9:45 a.m. [THE COURT]

Appearances:   Michael Joseph, United States Chapter 13 Trustee [TRUSTEE]

               Reginald P. Burgess, pro se [DEBTOR]

**THE COURT:**   05-12005 There is a motion to enforce the automatic stay and a trustees motion to transfer venue, there is also an ad, um– adversary pre-trial uh adversary 05-52205 but I am not aware that a response to that adversary was filed.

**THE DEBTOR:**   Good morning your honor Reginald Burgess appearing pro se.

**THE COURT:**   Do you have no counsel Mr. Burgess?

**THE DEBTOR:**   No I do not your honor.

**THE COURT:**   O.K.

**THE DEBTOR:**   Uh, we are basically here because uh, after the filing of bankruptcy the creditor John D. Williams proceeded with an eviction in spite of

Transcription of Hearing of August 30, 2005      Reginald Burgess
                                             3422 Old Capitol Trail #1068
                         -1                 Wilmington, DE 19808-6192

1  Reginald P. Burgess
   3422 Old Capitol Trail #1068
2  Wilmington, DE 19080-6192
   Attorney for: Reginald P. Burgess
3

4

5

6
                    UNITED STATES DISTRICT COURT
7                      DISTRICT OF DELAWARE

8  REGINALD P. BURGESS,
              Debtor,                  District Court No. 05-00677-GMS
9                                              Chapter 13
   REGINALD P. BURGESS,                Case No. 05-12005 JKF
10            Plaintiff,               ADV No. 05-52205 JKF
11       v.
                                       **TRANSCRIBED AUDIO FILE OF**
12 JOHN D. WILLIAMS                    **HEARING OF AUGUST 30, 2005 BEFORE**
              Defendant.               **THE HONORABLE JUDITH K.**
13                                     **FITZGERALD ON THE 9:45 A.M.**
14                                     **CALENDAR**

15                                     HONORABLE GREGORY M. SLEET

16 Before the HONORABLE JUDITH K. FITZGERALD - 9:45 a.m. [THE COURT]

17 Appearances:    Michael Joseph, United States Chapter 13 Trustee [TRUSTEE]

18                 Reginald P. Burgess, pro se [DEBTOR]

19 **[The original CD from the clerk is supplied to the court in an attached pouch]**

20 **THE COURT**:    05-12005 There is a motion to enforce the automatic stay and a

21 trustees motion to transfer venue, there is also an ad, um– adversary pre-trial uh

22 adversary 05-52205 but I am not aware that a response to that adversary was filed.

23 **THE DEBTOR:**  Good morning your honor Reginald Burgess appearing pro se.

24 **THE COURT**:   Do you have no counsel Mr. Burgess?

25 **THE DEBTOR:**  No I do not your honor.

26 **THE COURT**:   O.K.

27 **THE DEBTOR:**  Uh, we are basically here because uh, after the filing of

28 bankruptcy the creditor John D. Williams proceeded with an eviction in spite of

Transcription of Hearing of August 30, 2005      Reginald Burgess
                                                 3422 Old Capitol Trail #1068
                          -1-                    Wilmington, DE 19808-6192

1  knowing there was a bankruptcy filed and uh they do not own the property, uh they
2  managed to get an order from a Judge for an eviction even though they was no
3  eviction proceeding. I am the owner of the property, myself and my corporation,
4  and uh I uh I have the latest tax uh, uh bill from the county stating such but they just
5  proceeded anyway, and uh I think the issue to is basically enforce the automatic stay
6  to roll back their eviction, uh a proposed order was submitted -- very simple one
7  page order - it's in the file; and uh then uh later the Trustee filed a motion to change
8  venue. Uh apparently he's based it on the fact that uh my businesses are here in
9  Delaware and I am not. But uh my businesses have been here since 1996, and I run
10 a pro se -- I'm sorry -- I run a uh -- a uh -- I own a corporation and I uh (huff) . . . a
11 loss of words -- (huff) -- a DBA businesses that are here in Wilmington Delaware.
12 The California courts have not been honoring a previous bankruptcy that is -- should
13 be closed -- and uh I don't understand that but 11 USC 350(a) states that once the
14 discharge is entered and case is administered, the bankruptcy should be closed, so I
15 am relying on that prior Bankruptcy where the prior Bankruptcy vacated the order
16 that they are using for the eviction which is therefore void . . . uh and I am seeking
17 this court to basically enforce the automatic stay and then later in the adversarial
18 proceeding . . . uh to further investigate and enforce that order.
19 **THE COURT:**   O.K., Mr. Joseph?
20 **THE TRUSTEE:** Uh, I filed a motion to transfer uh venue, uh based on several
21 reasons, first of all uh Mr. Burgess has had a case uh since 2002 in the Central
22 District of California for whatever reason the case has not been closed. Uh just
23 looking at it on PACER it has over 144 docket entries -- uh a very active uh case --
24 uh and uh many of the docket entries relate to this property and this property
25 dispute, uh as set forth in my motion uh and also uh as testified by Mr. Burgess at
26 the section 341 meeting, uh he lives in California and has lived in California and has
27 a California Drivers license, uh he has uh bank accounts uh that located other than
28 in Delaware. Books and records are located in uh California, uh any assets that he

Transcription of Hearing of August 30, 2005        Reginald Burgess
                                                   3422 Old Capitol Trail #1068
                        -2-                        Wilmington, DE 19808-6192

1 may have a claim to are in California. The principle real estate property that's
2 involved is located in the Central District of California, uh while in the first instance
3 at first blush you might state the venue of initiating the case here is proper since Mr.
4 Burgess owns Delaware Corporations of which he conducts business, but the
5 business is not conducted in Delaware uh so then you to the convenience of the
6 parties. This property and this dispute has been in California. It seems to me it
7 would be unfair an inequitable an inconvenient to have another court look at all
8 these issues again involving California property when the Bankruptcy Courts and
9 the Appellate Courts in uh the Central District have already reviewed this and in the
10 current case – the 2002 case that is still pending in California. So based upon all
11 those reasons and as set forth in my motion I think it would be uh proper to uh have
12 the case transferred.
13 **THE COURT**:   Well uh you know if the corporation cases were filed here that
14 may be one thing, but the fact that they are incorporated here but not conducting
15 their principle place of business here, it doesn't seem to be the basis for jurisdiction
16 for your own personal case in this district, your own personal case should be where
17 it is most convenient basically for you and your creditors and that appears to be in
18 California, but the other thing is uh I don't know, at this point, uh I am sorry – I'm
19 sorry but I don't the status of the California case if your discharge has been entered
20 – was it a Chapter 7 case a Chapter 13?
21 **DEBTOR**:   It was a Chapter 7 your honor.
22 **COURT**:   And your discharge was entered
23 **DEBTOR**:   It was entered your honor yes.
24 **COURT**:   But the case . . . but the Trustee hasn't filed a final account yet . .
25 **DEBTOR**:   The Trustee did file a final report yes
26 **COURT**:   I'm sorry he did file . . . he did do so
27 **DEBTOR**:   Yes
28 **COURT**:   But the case hasn't been closed?

1  **DEBTOR:** The case has not been closed by the clerk, no it's just sitting there
2  open, and um I don't know what 144 entries he's speaking of, which case he's
3  speaking of, there were some adversaries; uh but uh the main bankruptcy is over
4  11 USC 350(a) states that once the Trustee has filed a final report and a discharge
5  has been entered the case is to be closed, why the clerk has not done it I do not
6  know.
7  **COURT:**   Well, Yeah, I , I obviously have no way of knowing either, it may be a
8  good idea for you to call the clerk and ask, because I think what's the best
9  resolution here is for me to transfer this case and the adversary to California since it
10 appears to involve the property, that's been dealt with by that court this court should
11 not be taking jurisdiction over that action. Um I at, at this point I am not aware that
12 the defendant answered your adversary did you get an answer?
13 **DEBTOR:** They did not.  Uh and the California Courts have ruled that uh the
14 matter belongs in Delaware.   They don't respect or acknowledge the DBA
15 businesses there, they say they are Delaware companies that do not exist in
16 California and they say that corporation does not exist in California and; they have
17 written orders to the effect.
18 **THE COURT:**   Well they may be Delaware entities, but they are not cases for
19 the corporations this is around an individual case.
20 **DEBTOR:**   The corporation is not in bankruptcy.
21 **THE COURT:**   That's what I am saying, so the fact that is a Delaware
22 corporation really doesn't mean anything in your own bankruptcy case.
23 **DEBTOR:** And I don't disagree with the court, I agree; however the California
24 courts are saying that even the DBA businesses are not California businesses
25 because they have a Delaware address; and the real issue is that the creditor has
26 violated the automatic stay in the presence of this court and has greatly damaged
27 me, and uh the business and the records the trustee speaks of have been basically
28 confiscated and are property that has been lost uh it seems that 11 USC 362(h) takes

Transcription of Hearing of August 30, 2005         Reginald Burgess
                                                    3422 Old Capitol Trail #1068
-4-                                                 Wilmington, DE 19808-6192

1  precedence over transferring venue. And the fact that creditor has not appeared at
2  all, I am not sure that Trustee has standing to bring the motion he brought, because
3  he's not an interested party.
4  **THE COURT:** He is definitely and interested party he has to administer the
5  case, and the court can bring on it's own motion to examine venue, um it just
6  doesn't make sense for you to be coming back and forth to Delaware for meetings
7  of creditors and cases where your primary creditors are in California. It's . . . its . . .
8  its not a convenient forum it doesn't make sense … it's a different matter perhaps if
9  it were the corporation itself that were filing there may be a basis to have that here
10 in Delaware but this isn't the corporate case, so I . . . I don't see that this the correct
11 venue it's a legal venue but it doesn't appear to be a convenient forum in which to
12 bring this.
13 **DEBTOR:** If it's transferred back there the California courts are going to dismiss
14 it – they are going to dismiss it again for whatever reason.
15 **THE COURT:** Well that may be, I don't know what will happen in the
16 California Courts, uh were trying a Chapter 13 so to the extent that you have debts
17 that you are trying to restructure, that's a different issue from a Chapter 7, you'd not
18 be eligible for another Chapter 7 discharge in any event, because you just had one
19 that was a case that was too recently filed so . . .
20 **DEBTOR:** And I am not trying to bring a Chapter 7, however I did bring Chapter
21 11 in the California courts and he basically just dismissed without any real reason –
22 he said the cases - the businesses are not in California the business are in
23 Delaware, so I'll be left with a court of nowhere to go. I mean there was time when
24 Jeffery Dahmer – one of Jeffery Dahmer's victims got away and ran down the alley
25 found a squad car and begged them for the Police to take him up there – the Police
26 said we don't get in the middle of gay affairs they sent right back to Jeffery Dahmer
27 where he promptly killed him and ate him and that's what's going to happen here.
28 **THE COURT:** Well I hope that's a little bit too vivid . . . too vivid of an image

Transcription of Hearing of August 30, 2005        Reginald Burgess
                                                    3422 Old Capitol Trail #1068
                        -5-                         Wilmington, DE 19808-6192

1  for my sake, Mr. Burgess I hope that's certainly not going to be the case.
2  **DEBTOR:** Well I am from Milwaukee and that is exactly what happened, and I
3  telling you that is exactly what is going happen here there's no fair play going on
4  there in California - Roy Union owns a corporation and I own the corporation, I
5  own a part of the house and it seems that without even looking at it I'll be sent back
6  to court that is not even interested in looking at it; they have already violated the
7  discharge injunction and there is nowhere for anyone to enforce this.
8  **THE COURT:**    Well, I . . . I am going to take a . . . pull these uh motions again
9  after court today and I will do orders on the motions to enforce the stay, and the
10 adversary itself, um if I ascertain – and I believe that service was properly made but
11 I need to double check that . . . if service was properly made of the adversary and I
12 did not get an answer filed timely, then I will enter the order that grants the relief
13 that's requested in the complaint.   With respect to the motions to enforce the
14 automatic stay, I need to look at this again because the document that were attached
15 to your papers  um when I went over them did not establish at that time to me
16 without hearing your argument that you were the owner of the property, it looked as
17 though that somebody else was, and if that's the case I am not sure if there was a
18 violation of the stay.   So I need to look at those papers again if I can do an order of
19 some sort on that motion before I transfer the venue I will do so – I will take care of
20 both of those, but then I am going to transfer the venue to California – I . . . I don't
21 see a proper basis for a proper venue here.
22 **DEBTOR:** I would appreciate that your Honor. I do have the tax bill dated August
23 23, 2005 with Roy Union and Reginald Burgess as the owners of the property. I
24 also have the deed showing the chain of uh, of title showing who is the owner of the
25 property and the creditor has not submitted anything to show how they are the
26 owners of the property because they are not, they are simply they are  using the
27 Police action of the state to pull a fast one as it could be said.
28 **THE COURT:**    O.K.  Have you submitted the tax bill and the deed, I don't

Transcription of Hearing of August 30, 2005              Reginald Burgess
                                                         3422 Old Capitol Trail #1068
                        -6-                              Wilmington, DE 19808-6192

1  remember seeing those as part of the documentation on your motion?
2  **DEBTOR:** There is one that is attached to the adversary proceeding and . . .
3  **THE COURT:** Oh in the adversary
4  **DEBTOR:** . . . the other came in the mail on I still have here sealed uh in the
5  envelope I can give it to the clerk or to you for inspection you can open it - it's still
6  sealed it's dated August 23, 2005 it's dated - it's addressed to Roy Union which is
7  the Delaware Corporation and Reginald P. Burgess which is myself and those are
8  the two owners of the property. So um if your honor would like I can submit this as
9  evidence . . .
10 **THE COURT:** Well O.K . . .
11 **DEBTOR:** . . . for your review
12 **THE COURT:** . . . the . . .what I really is copy of I think of the deed as
13 opposed to the tax bill, because tax bills can be paid by entities that are not owners
14 of the property so if you have the deed . . .
15 **DEBTOR:** I . . . I . . . I have the full chain of deed all the way from 1940.
16 **THE COURT:** O.K. may I just see it for a minute.
17 **DEBTOR:** May I approach?
18 **THE COURT:** Yes.
19 **DEBTOR:** The last deeds would be the ones that are relevant
20 **THE COURT:** O.K.
21 **DEBTOR:** If you like I can make a copy for you.
22 **THE COURT:** O.K. if you just wait a second I just want to look at and then I'll
23 hand it back to you. [Silence as court reviews the deed package – a booklet about
24 ½ inch thick] . . . Well the last deed is the deed from you to your corporation . . .
25 **DEBTOR:** Correct . . . because at one time I was a 100% owner of the property.
26 There was an order of September 23, 2003 where the State Court vacated their
27 order as to title and possession of the property returning the property to me
28 **THE COURT:** Well then there is deed from you that purports to vacate the

1. interests of your former spouse Ms. Sparks in . . . in the property.
2. **DEBTOR:** Correct . . . in the Chapter 11 Bankruptcy as a Debtor in Possession.
3. There was a timely motion served and filed and before the matter was dismissed.
4. Whether that deed is valid or not isn't really relevant as to whether the creditor
5. owns the property. The alleged creditor owns the property and they do not, they do
6. not have a title, they do not have a lease, they do not I have not paid rent to them;
7. they don't even meet any of the criteria that California requires for an eviction
8. action.
9. **THE COURT:** O.K. um I've looked this thank you - you can have it back and I
10. will as I've indicated um earlier, see whether if I can do order and if I can I will do
11. so and before I transfer the venue. . . . . [pregnant pause]
12. **DEBTOR:** Uh is that it?
13. **THE COURT:** That's it uh yeah . . . you'll be getting orders from me. Thank you
14. **DEBTOR:** Uh should I wait for them?
15. **THE COURT:** No I'll be doing them after court today
16. **DEBTOR:** Thank you your honor
17. **THE COURT:** – you'll get them in the mail . . . Thank you
18. **THE COURT:** [calls the next case]

21. I declare by the laws of the State of Delaware under penalty
    perjury the above is true and correct signed at Wilmington,
22. Delaware this 30th day of September, 2005

_____
Reginald P. Burgess, Debtor

Transcription of Hearing of August 30, 2005

-8-

Reginald Burgess
3422 Old Capitol Trail #1068
Wilmington, DE 19808-6192

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15

**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| REGINALD P. BURGESS,<br>　　　　Debtor,<br><br>REGINALD P. BURGESS,<br>　　　　Plaintiff,<br>　　v.<br><br>JOHN D. WILLIAMS<br>　　　　Defendant. | District Court No. 05-00677-GMS<br>Chapter 13<br>Case No. 05-12005 JKF<br>ADV No. 05-52205 JKF<br><br><br>PROOF OF SERVICE<br><br><br>HONORABLE GREGORY M. SLEET |

16　I have this day, pursuant to FRBP 7005 [FRCP 5] mailed true and correct copies of
17　this proof of mailing and:

18　**TRANSCRIBED AUDIO FILE OF HEARING OF AUGUST 30, 2005 BEFORE THE**
19　**HONORABLE JUDITH K. FITZGERALD ON THE 9:45 A.M. CALENDAR**

20　To the following individuals addressed as follows:

21
22　Andrea VanLeesten　　　　　　　　　　Michael B. Joseph - Chapter 13 Trustee
　　Conservatorship of Williams　　　　　　824 Market Street
23　6080 Center Drive, 6th Floor　　　　　　P.O. Box 1351
　　Los Angeles, CA 90045-9209　　　　　Wilmington, DE 19899-1351
24
25
26
27　I declare by the laws of the State of Delaware under penalty
　　perjury the above is true and correct signed at Wilmington,
28　Delaware this 30th day of September, 2005　　　　　　　　　　Reginald P. Burgess, Debtor

Transcription of Hearing of August 30, 2005　　　　　　Reginald Burgess
　　　　　　　　　　　　　　　　　　　　　　　　　　　　3422 Old Capitol Trail #1068
　　　　　　　　　　　　-9-　　　　　　　　　　　　　　Wilmington, DE 19808-6192

