ORIGINAL

ORIGINAL

Reginald P. Burgess
3422 Old Capitol Trail #1068
Wilmington, DE 19080-6192
Attorney for: Reginald P. Burgess



FILED
OCT 24 2005
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| REGINALD P. BURGESS,<br>    Debtor,<br><br>REGINALD P. BURGESS,<br>    Petitioner,<br><br>v.<br><br>JOHN D. WILLIAMS<br>    Respondent. | District Court No. 05-00677-GMS<br>Chapter 13<br>Case No. 05-12005 JKF<br>ADV No. 05-52205 JKF<br><br>**REQUEST FOR JUDICIAL NOTICE**<br>[Fed R. Evid 201]<br><br>HONORABLE GREGORY M. SLEET |

**Please take Judicial Notice of the following facts and document attached**

1.  11 USC 350(a) applies to USBC-CDC LA02-37195ER making it CLOSED.

2.  An order of August 8, 2002 which discharged continued to be used to evict

3.  11 USC 522 protected Debtor's home, and Respondent does not own it.

4.  FRBP 1014(b) mandated the transfer motion be brought in the FIRST District

5.  11 USC 362 as Noticed by the clerk, finds that service issues cannot "couch."

6.  11 USC 362(h) MANDATES the court ***shall*** GRANT actual damages.

7.  A motion set for 10/25/05 is supplemented by the attached document.

8.  A ruling from this court is needed to move on to the Third Circuit if need be.

I declare by the laws of the State of Delaware under penalty perjury the above is true and correct signed at Wilmington, Delaware this 17th day of October, 2005

Reginald P. Burgess, Debtor

Request for Judicial Notice - facts and document

Reginald Burgess
3422 Old Capitol Trail #1068
Wilmington, DE 19808-6192

-i-

1  Reginald P. Burgess
   3422 Old Capitol Trail #1068
2  Wilmington, DE 19808-6192
   Attorney for Reginald P. Burgess

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

REGINALD P. BURGESS,
Debtor,

Chapter 13
Case No. 05-12005 JKF

**Debtor's REPLY and SUPPLEMENT as a Memorandum to the Notice of Motion and Motion for Vacating of Transfer of Venue and 11 USC 362 Ruling of hearing August 30, 2005 [FRCP 60(b), FRCP 59(e) and FRBP 8011(d)]**

ANY RESPONSE MUST BE FILED AND SERVED TOGETHER WITH A CERTIFICATE OF SERVICE ON OR BEFORE 10/17/05, FAILURE TO <u>TIMELY</u> FILE AND SERVE A RESPONSE WILL RESULT IN AN ORDER GRANTING THE RELIEF REQUESTED IN THE MOTION

October 25, 2005, Courtroom 6   9:45 a.m.
HONORABLE JUDITH K. FITZGERALD

**THE TRUSTEE HAS FILED A REPLY, BUT BY FRBP 1014(b) IT IS WITHOUT STANDING – THUS BY LOCAL RULE, DEBTORS MOTION *MUST BE GRANTED* <u>WITHOUT APPEARANCE OR ORAL ARGUMENT</u>**

*The prior orders of the court present more issues than they remove.*

The Trustee continues to be confused and incompetent to the law and Bankruptcy code. He filed his motion in the WRONG COURT by FRBP 1014(b), and, DID NOT HAVE STANDING in the California case regardless. His job was to enforce the Code; [See 28 USC 586(a)(3)] OR object to the petition for a genuine reason under the code other than malicious desires not founded in the law. An adversary proceeding is a separate Federal action, and the trustee should "butt out." Trustee did not file a reply in USDC DE 05-677GMS, and should not be heard here.

Debtor's Supplement Notice of Motion and Motion for Vacating

-1-

Reginald Burgess
3422 Old Capitol Trail #1068
Wilmington, DE 19808-6192

## POINTS AND AUTHORITIES

*This reply after page 3 is largely the same one filed in Adversary 05-52205*; with the address to the Trustee's misguided proffer to the court he has filed.

Rule 1014(b) shows no standing to bring the Transfer Motion in the first place and his malice and lack of professionalism is showing now in his response.

First, the trustee has no standing in the Adversary at all. His reply is a confused jumbling of the law he still cannot fathom. FRBP 7004 gives 120 days for Service, but even if it did not, the proper party was served. Why the Trustee cannot read the law and see Debtor is correct is nothing but a "sandbox" mentality of a Lawyer feeling the need to just always be right especially when they are grossly WRONG. Trustee identifies the standards of reconsideration; however FRCP 59(e) – does not require such a standard for amendment of a judgment to conform to law. Here FRBP 1014(b) is CLEAR which court had jurisdiction to rule upon a motion to transfer venue and WHO may bring it; and in neither case is it this "trustee" – who by the way under 11 USC 324 is incompetent and should be removed.

Second, even if the standard for "new evidence" did apply, the trustee's prong three which in his reply reads "or (iii) there is a need to correct a legal or factual error which has resulted in a manifest injustice." certainly applies.

The court clearly has mis-applied FRBP 1014(b), and the court has clearly mis-applied 11 USC 362. Most importantly 11 USC 350(a) is CLEAR that the actions of the discharge and a trustee's report of full administration ***closes*** the ***Bankruptcy***. This level of incompetence is "scary" from someone who is supposed to be the U.S. Trustee and "know the code". What we really have here is a spoiled

1  mindset of a temper-tantrum. The court has a duty to 11 USC 362, and that is a
2  mandate to the court, and the actions of the court ARE a manifest injustice –
3  perhaps well intentioned by what the code appears to mandate – but there are only
4  TWO issues here, through trustee raises now a third - the 341 meeting.
5
6      It is not an issue of this motion, but the trustee is misplaced if he thinks he
7  can just hold a 341 meeting open "forever". This has already been tried by a trustee
8  in California, and the case cited below in footnote 8 of *In re Smith*, 235 F.3d 472
9  (9th Cir. 12/19/2000) and two cases have made it clear, this cannot be done. The
10 341 meeting concluded without specific requirement of the Debtor of either the
11 identification required, or a creditor objecting. His cites are inapposite to law.
12
13     The Trustee is sophomoric. He is incompetent and wrong. He is malicious.
14
15     Finally the trustee cannot seem to address the issues raised by Debtor AT
16 ALL. This trustee is clearly fighting for a miscarriage of justice to help fellow legal
17 brethren accomplish theft under the law. Certainly there is probably evidence of
18 telephone calls and conspiracy with Williams if the phone records were to be
19 subpoenaed. The trustee wants to stick his nose in the adversary that is none of his
20 business. A default was entered, and the default judgment was not. This trustee is
21 clearly in the world of 18 USC 152(4). State rulings that Federal jurisdiction as a
22 basis to IGNORE a Bankruptcy discharge IS why this petition was filed. Finally
23 nowhere does the Trustee address the issue of NO ADDRESS IN CALIFORNIA.
24 As far as the trustee is concerned; the case could be transferred to certainly
25 "Alaska" or even "Siberia" and it would be proper as far as he is concerned.
26 Trustee is the one who is WRONG right down the line. Not only does the docket
27 reflect the meeting of the creditors was held and concluded, he can't hold it open for
28 basically no reason but his own delusions he has himself. See *In re Smith*, *infra*

Debtor's Supplement Notice of Motion and Motion for Vacating

Reginald Burgess
3422 Old Capitol Trail #1068
Wilmington, DE 19808-6192

-3-

The ONLY two issues to reconsider to amend the orders of this proceeding are:

A.  Did the Conservatorship of Williams violate 11 USC 362 by evicting?

ANSWER: YES – then 11 USC 362(h) **_mandates_** the court **_shall_** award damages

B.  Was the Transfer motion brought pursuant to FRBP 1014(b)?

ANSWER: NO – **_then the court was without jurisdiction to hear the motion_** – See "Advisory Committee Notes" as cited in various footnotes herein. The motion to TRANSFER could ONLY be brought in the Original Bankruptcy District by an interested party there – or any defect and issue to venue objection is waived.

1.  First, FRBP 1014(b) required(s) the motion to "Transfer Venue" to have been filed in the FIRST DISTRICT as a "**Procedure when petitions involving the same debtor or related debtors are filed in different courts**." As this was not done, this Court had no jurisdiction to hear the motion; and thus the Motion of the Trustee is faulty as Debtor has argued from the onset. This is clear and clarified by a 1991 Amendment found in the 2003 Federal Rules of Bankruptcy Procedure, and clearly intimates that the Trustee IS NOT an interested party, but may only appear and be heard – but only in the FIRST DISTRICT where the case is FIRST FILED again as Debtor has argued. This would mean, an "interested party" could only be a creditor in the first Bankruptcy Petition that was allegedly "pending" in California. This is an amendment[1] to the Federal Rules of Bankruptcy Procedure from the U.S.

---

[1] 1991 Amendments

Subdivision (b) is amended to provide that a motion for transfer of venue under this subdivision **shall be filed in the district in which the first petition is pending**. If the case commenced by the first petition has been transferred to another district prior to the filing of a motion to transfer a related case under this subdivision, the motion must be filed in the district to which the first petition had been transferred.

The other amendments to this rule are consistent with the responsibilities of the United States trustee in the supervision and administration of cases pursuant to 28 U.S.C. § 586(a)(3). **The United States trustee may appear and be heard on issues relating to the transfer** of the case or dismissal due to improper venue. See § 307 of the Code. [bold emphasis added]

Debtor's Supplement Notice of Motion and Motion for Vacating

Reginald Burgess
3422 Old Capitol Trail #1068
Wilmington, DE 19808-6192

-4

Supreme Court this court must follow. Venue is proper in thus court by 28 USC 1408 – clearly – and 11 USC 109.

2. FRBP 1014(b) also places an automatic STAY[2] on the second petition, which means the Trustee may not move to dismiss under 11 USC 1307(c). FURTHER, a 1983 Amendment to FRBP 1014 makes clear that IF venue is allegedly improper, then a motion to DISMISS MUST BE FILED; not a motion to transfer venue. 28 USC 1477 is superceded by 28 USC 1412, and ONLY in 28 USC 1406[3] is a dismissal authorized, so because no party made a timely motion to dismiss, the objection is waived and the Transfer motion is made moot.

3. These items 1 and 2 above raise an interesting issue of since no timely motion was made by an "interested party" IN THE FIRST DISTRICT[4] of filing, AND thus

---

[2] Except as otherwise ordered by the court in the district in which the petition filed first is pending, the proceedings on the other petitions shall be stayed by the courts in which they have been filed until the determination is made.

[3] NOTES OF ADVISORY COMMITTEE ON RULES - 1987 AMENDMENT

Both paragraphs 1 and 2 of subdivision (a) are amended to conform to the standard for transfer in 28 U.S.C. Sec. 1412. Formerly, 28 U.S.C. Sec. 1477 authorized a court either to transfer or retain a case which had been commenced in a district where venue was improper. However, 28 U.S.C. Sec. 1412, which supersedes 28 U.S.C. Sec. 1477, authorizes only the transfer of a case. The rule is amended to delete the reference to retention of a case commenced in the improper district. Dismissal of a case commenced in the improper district as authorized by 28 U.S C Sec. 1406 has been added to the rule. **If a timely motion to dismiss for improper venue is not filed, the right to object to venue is waived.**

[4] NOTES OF ADVISORY COMMITTEE ON RULES - **1983**

Subdivision (b) is derived from former Bankruptcy Rule 116(c). **It authorizes the court in which the first petition is filed under the Code by or against a debtor to entertain a motion seeking a determination whether the case so commenced should continue or be transferred** and consolidated or administered jointly with another case commenced by or against the same or related person in another court under a different chapter of the Code. Subdivision (b) is correlated with 28 U.S.C. Sec. 1472 which authorizes petitioners to file cases involving a partnership and partners or affiliated debtors. **[bold emphasis added]**

Debtor's Supplement Notice of Motion and Motion for Vacating

Reginald Burgess
3422 Old Capitol Trail #1068
Wilmington, DE 19808-6192

-5-

1  the Trustee's motion could not be granted and was therefore "MOOT"; is now it a
2  command of the FRBP to VACATE the order transferring venue as the court had no
3  jurisdiction as in accord *Sunbelt v Noble* as cited by Debtor?

4

5  4.     Since no timely motion was made by a truly interested party in the FIRST
6  DISTRICT, and the objection period has passed, Debtor may convert under 11 USC
7  1307(d) because by 11 USC 324 the trustee is and has failed maliciously and
8  miserably at his role to the limit of incompetence when the rules are so very clear.

9

10 5.     A Timely "objection" in this case is in accord the period of 11 USC 522 and
11 the conclusion of the meeting of the creditors as set forth in *Taylor infra*. Debtor
12 has testified to, and the record shows - that foul play is afoot in the California
13 Courts, thus "the interests of justice" clearly are not served by any transfer.

14

15 6.     Since no timely motion was made by a truly interested party IN THE FIRST
16 DISTRICT, the objection period passed, **venue is waived** (fn3) and the Debtor's
17 plan must be confirmed, as in essence this court placed a STAY on itself by ruling
18 on a Motion to Transfer Venue which had no jurisdictional foundation, and until this
19 hearing date; placed Debtor's case on hold [FRBP 1014(b)] to give Williams a
20 chance to object specifically to what the Trustee did, but they did not; and now this
21 Court has a DUTY to VACATE the foundationless ORDERS on VENUE.

---

The reference in subdivision (b) to petitions filed "by" a partner or "by" any other of the persons mentioned is to be understood as referring to voluntary petitions. It is not the purpose of this subdivision to permit more than one case to be filed in the same court because a creditor signing an involuntary petition happens to be a partner, a partnership, or an affiliate of a debtor.

**Transfers of adversary proceedings in cases under title 11 are governed by Rule 7087 and 28 U.S.C. Sec. 1475. [bold emphasis added]**

7.   Further the Petition was filed in accordance with Delaware law; so a Bankruptcy Court sitting in California cannot adjudicate Delaware law. This is another reason why the FRBP 1014[5] "Advisory Committee Notes" make it so clear how when and when NOT to transfer venue. Because this is a Bankruptcy Court, and NOT the District Court, 28 USC 1404 does not apply but in the context it is promulgated under FRBP 1014 as to procedure. A Bankruptcy Judge may not issue final rulings on non-core proceedings, as a motion to Transfer Venue is – except pursuant to FRBP 1014 – in this case 1014(b) and the amendments thereto - as to procedure. A trustee's duties are limited by 28 USC 586(a)(3) as delineated.

8.   The Petition activates 11 USC 522 at filing, and in accord *Taylor v Freeland and Kronz*, **503 U.S. 638 (1992),** the objection period is absolute and "jurisdictional", thus since it cannot be re-set, and as a meeting of the creditors has occurred and been concluded, the discharge occurred by statute without objection.

9.   11 USC 362 takes precedence over any excusal by a motion to "change venue." The contemptuous act of violating the automatic stay and NEVER appearing to file a motion for relief therefrom, command the court deal with the automatic stay issue first and the damages therefrom by 11 USC 362(h) as to ACTUAL DAMAGES – not "*service or harm*." All else is a functional dismissal

---

[5] NOTES OF ADVISORY COMMITTEE ON RULES - **1983**

This rule is derived from former Bankruptcy Rule 116 which contained venue as well as transfer provisions. Public Law 95-598, however, placed the venue provisions in 28 U.S.C. § 1472, and no purpose is served by repeating them in this rule. Transfer of cases is provided in 28 U.S.C. § 1475 but this rule adds the procedure for obtaining transfer. Pursuant to 28 U.S.C. § 1472, proper venue for cases filed under the Code **is either** the district of domicile, residence, **principal place of business,** or location of principal assets for 180 days or the longer portion thereof immediately preceding the petition. 28 U.S.C. § 1475 permits the court to transfer a case in the interest of justice and for the convenience of the parties. If the venue is improper, the court may retain or transfer the case in the interest of justice and for the convenience of the parties pursuant to 28 U.S.C. § 1477.

Debtor's Supplement Notice of Motion and Motion for Vacating

Reginald Burgess
3422 Old Capitol Trail #1068
Wilmington, DE  19808-6192

-7-

of the petition as the protections afforded under the code are then thwarted in favor of aberrant creditors who in this case are actually thieves under color of law.

10.  Debtor has no ADDRESS in California, no domicile, and no business there. All of these are in Delaware, thus the case could have been transferred to "Alaska" of the same effect, thus 11 USC 109 is not complied with in anyway in the transfer order and FRBP 1014(a)[6] is clear on what is the procedure for such a motion, which in this case – in accord the transcribed audio file of August 30, 2005 – both the court and the trustee are in gross error thereto. The meeting of the creditors occurred and concluded, and no objections were made to the plan. ***It's over.***

11.  The prior Chapter 7 Bankruptcy concluded; a discharge granted, trustee's report filed; and is over a year old, thus by 11 USC 727 that nor this court has jurisdiction any longer; as 11 USC 350(a) *automatically closes the case BY LAW*.

12.  At the filing of a petition for Bankruptcy ALL pending litigation comes under the jurisdiction of the Bankruptcy court and is halted in it's venue. This would include any pending adversarial litigation in the prior Bankruptcy, and would command this court apply the Bankruptcy code to that existing litigation. The court reasoned it should not take jurisdiction of those cases, but by LAW it HAS and

---

[6] NOTES OF ADVISORY COMMITTEE ON RULES – 1983 (con't)

Subdivision (a) of the rule is derived from former Bankruptcy Rule 116(b). It implements 28 U.S.C. §§ 1475 and 1477 and clarifies the procedure to be followed in requesting and effecting transfer of a case. Subdivision (a) protects the parties against being subjected to a transfer except on a timely motion of a party in interest. **If the transfer would result in fragmentation or duplication of administration, increase expense, or delay closing the estate, such a factor would bear on the timeliness of the motion as well as on the propriety of the transfer under the standards prescribed in subdivision (a).** Subdivision (a) of the rule requires the interest of justice and the convenience of the parties to be the grounds of any transfer of a case or of the retention of a case filed in an improper district as does 28 U.S.C. § 1477. Cf. 28 U.S.C. § 1404(a) (district court may transfer any civil action "[f]or the convenience of parties and witnesses, in the interest of justice"). It also expressly requires a hearing on notice to the petitioner or petitioners before the transfer of any case may be ordered. Under this rule, a motion by a party in interest is necessary. **There is no provision for the court to act on its own initiative.**

Debtor's Supplement Notice of Motion and Motion for Vacating       Reginald Burgess
                                                                    3422 Old Capitol Trail #1068
                                        -8-                         Wilmington, DE 19808-6192

MUST under 11 USC 362, unless Debtor is "not eligible" for filing under the code, and in this case he is eligible and ONLY as such IN DELAWARE.

13. This Court's dicta remarked how it "doesn't make sense" for Debtor to be in the Delaware Bankruptcy court; however, it also remarked that Debtor's principle place of business would be a factor in consideration of the venue of the case. The court erred in believing Debtor's principle place of business was NOT Delaware, when indeed it is. Companies and corporations have products manufactured for them all over the world, but the principle place of business is where it's bank statement is mailed, it's phone number is located, and it's business address is; which in this case is ALL in Delaware, thus by 11 USC 109 is it not a choice of venue.

14. The transcribed audio of the August 30, 2005 hearing (attached) reveals the court DID take jurisdiction of the entire Bankruptcy ruling from the bench and leading Debtor to believe the matter was largely solved; then the court erred in believing that "service" had some kind of effect; when the creditor listed is the creditor served. Much like a "Sheriff" is sued in his capacity as "Sheriff"; it is the county or government entity he works for that bears the duty and liability to defend in his capacity as Sheriff; BUT one does not sue the Sheriff and serve him personally at home; he is served through the agency service vehicle for the Sheriff – even though his name is personally on the action. Here the same is true as John D. Williams was identified in the complaint CLEARLY as the conservator of the Conservatorship of Williams; thus the court's reasoning is faulty as shown herein.

15. NOTE, there has been no TIMELY REPLY to the motions of the Debtor to VACATE and/or AMEND the orders of the hearing of August 30, 2005. The Bankruptcy system, once up to the States, was made a Federal System for reasons of uniformity and capriciousness left in the hands of the States. The U.S. Supreme

Court is the delegate which supervises this unique Civil Right law of Congress, and it is administered by Magistrate level Judges under the District Court because the Law is largely ministerial in nature driven by objections or the lack of them from creditors. A Trustee is thus NOT an interested party; and supposed to be the enforcement "watchdog" from the Department of Justice. (28 USC 586) Here the court orally from the bench ruled largely correctly, then upon review off the bench, errors affected the rulings based on *sua sponte* objections founded in issues of "service"; and by Local Rule, the court MUST GRANT the requests of Debtor.

I.  SERVICE??

"Service" is not an issue in any capacity because the Conservatorship of Williams was listed as the ACTUAL creditor in the mailing matrix, **was sent notice by the clerk of the Bankruptcy filing**, by the Debtor of the motions pending; and by the clerk of the Notice of Motion Hearing. Williams has stolen the Debtor's property under color of law, misappropriated trade secrets, terminated phone and Internet connectivity of Debtor and of Roy Union causing damages and the Trustee has so grossly confused his role, it is inexcusable. There is an existing, valid prior discharge in effect, and there ARE NO EQUITABLE exceptions to 11 USC 524. It is what the statue delineates by the hand of Congress. Whether another case "appears" to be open is irrelevant as an error of the clerk – perhaps at the hand of the direction of the court – but still cannot supersede 11 USC 350(a). The court has no case to continue with "*sua sponte*" by 11 USC 727 after one year has passed.

II.  11 USC 522; 11 USC 362, 11 USC 109 AND 11 USC 524

The Bankruptcy Code is jurisdictional as to where it may be filed, (28 USC 1408) and when there is NO ADDRESS or domicile in the State in which a Debtor

may be physically present "most of the time"; it is irrelevant as to where the creditors are, books and records are, bank accounts are or the convenience of the parties may lie. The Bankruptcy Code is clear in that it speaks ONLY to ADDRESS or DOMICILE, of residence OR business by 11 USC 109.

The filing of a petition for bankruptcy is a literal removal of all jurisdiction of any court, process or act to continue to collect[7]; and the court's theory that this court should not take jurisdiction of the California cases is plain error, as this is jurisdictional by the time and date stamp as of filing the petition for relief. It is thus jurisdictional by 11 USC 109. When a creditor, as listed violates the automatic stay, there is no excuse. The courts are prejudicial to rule against a pro se party no matter how correct they are; they are not heard and are largely ignored.

### III. 28 USC 1412 once 28 USC 1477 and the 1987 Amendment to FRBP 1014

The case CANNOT be transferred to California as it is filed under Delaware law and legal exemptions. This would require the re-filing of exemptions and res-setting the clock on 11 USC 522 – which CANNOT be done. Several Ninth Circuit cases have made this clear[8] being that the Supreme Court has made this abundantly clear in *Taylor v Freeland and Kronz*, 503 U.S. 638 (1992), and thus once the objection period has passed, no court nor creditor can move itself, or move a court to re-set it. This is what the Trustee did with his motion to Transfer Venue and at the same time illustrate he does not understand his own craft and field of law. It

---

[7] See *Eskanos & Adler, P.C. v. Leetien*, 309 F.3d 1210 (9th Cir. 11/07/2002) We conclude that § 362(a) imposes an affirmative duty to discontinue post-petition collection actions. . . . Sanctions are appropriate . . . [as] actual damages defending against the state action.

[8] See In re Smith, 235 F.3d 472 (9th Cir. 12/19/2000) "we may not reach the merits of the claimed exemptions absent a finding that the Creditors objections were timely made. In Taylor v. Freeland & Kronz, 503 U.S. 638 (1992), the debtor claimed a meritless exemption. Had the trustee or creditors objected to the claim within 30 days a . . ."

Debtor's Supplement Notice of Motion and Motion for Vacating

Reginald Burgess
3422 Old Capitol Trail #1068
Wilmington, DE 19808-6192

-11-

was not a lawful motion in substance, and the court CANNOT grant it lawfully by the Code. This results in a never ending Bankruptcy OPEN.

Though service is not a valid issue, if Andrea VanLeesten was not the proper party to be served, she should have objected, and informed the court of such. The reality is, the filing of a petition in Bankruptcy is a LITERAL removal of the jurisdiction of all pending litigation; and she and her Law Office and associated in counsel ARE the business address for the Conservatorship of Williams.

Here, Williams not only did not object, but never appeared and objected in LA02-37195ER, and hence that discharge is academic. Williams continued using an order voided by 11 USC 524, and continued in State court in violation of 11 USC 524(a)(2) to obtain more void orders and then acted on them to evict Debtor.

## IV. CONCLUSION

What Williams is doing is an unlawful act of conversion using a void order. Moore v. Regents of University of California, 51 Cal. 3d 120, 793 P.2d 479, 271 Cal. Rptr. 146 (Cal. 07/09/1990) "To establish a conversion, plaintiff must establish an actual interference with his ownership or right of possession. . . . Where plaintiff neither has title to the property alleged to have been converted, nor possession thereof, he cannot maintain an action for conversion."*fn19 (Del E. Webb Corp. v. Structural Materials Co. (1981) 123 Cal. App. 3d 593, 610-611 [176 Cal. Rptr. 824], italics added. See also General Motors A. Corp. v. Dallas (1926) 198 Cal. 365, 370 [245 P. 184].) Here Williams did not have title, nor possession until the unlawful movement for eviction. In the meantime the County Assessor continues to send tax bills to Roy Union and Debtor, the latest 10/4/05.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| REGINALD P. BURGESS,<br>Debtor, | District Court No. 05-00677-GMS<br>Chapter 13<br>Case No. 05-12005 JKF |
| REGINALD P. BURGESS,<br>Plaintiff,<br>v. | ADV No. 05-52205 JKF<br><br>PROOF OF SERVICE |
| JOHN D. WILLIAMS<br>Defendant. | HONORABLE GREGORY M. SLEET |

I have this day, pursuant to FRBP 7005 [FRCP 5] mailed true and correct copies of this proof of mailing and:

**REQUEST FOR JUDICIAL NOTICE**
[Fed R. Evid 201]

To the following individuals addressed without the attachment already sent:

Andrea VanLeesten            Michael B. Joseph - Chapter 13 Trustee
Conservatorship of Williams  824 Market Street
6080 Center Drive, 6th Floor P.O. Box 1351
Los Angeles, CA 90045-9209   Wilmington, DE 19899-1351

To the following individuals addressed with the attachment:

Office of the United States Trustee
844 King Street, Suite 2207
J. Caleb Boggs Federal Building
Wilmington, DE 19801

I declare by the laws of the State of Delaware under penalty perjury the above is true and correct signed at Wilmington, Delaware this 17th day of October. 2005

Reginald P. Burgess, Debtor

Request for Judicial Notice - facts and document

-2-

Reginald Burgess
3422 Old Capitol Trail #1068
Wilmington, DE 19808-6192

