

**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**
**THIRD CIRCUIT**

Reginald P. Burgess,
Debtor,

District Court Case No. 05-677 GMS

Reginald P. Burgess,
Petitioner

Bankruptcy No. 05-12005 JKF
Adversary No. 05-52205 JKF

v.

John D. Williams
Respondent.

**** AMENDED ****
-- EMERGENCY --
PETITION FOR WRIT OF
MANDAMUS
[De. Local Rule 15.1]



Pursuant to FRBP 8011(d)

*** AMENDED ***
-- EMERGENCY --
PETITION FOR WRIT OF MANDAMUS
{Pursuant to De. Local Rule 15.1 and the FRAP – the
Supplemental Argument is found at the close of the ORIGINAL
Appendix}
*Ruling Requested as soon as practical*

05-12005 JKF on Petition from the United States Bankruptcy
Court for the District of Delaware rulings of August 30, 2005,
Judge Judith K. Fitzgerald, Bankruptcy Judge presiding

Reginald Burgess
3422 Old Capitol Trail #1068
Wilmington, DE
19808-6192

## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE
## THIRD CIRCUIT

---

Reginald P. Burgess,
      Debtor,

**District Court Case No. 05-677 GMS**

Reginald P. Burgess,
      Petitioner

**Bankruptcy No. 05-12005 JKF**
**Adversary No.  05-52205 JKF**

      v.

**\*\*\*\* AMENDED \*\*\*\***
**-- EMERGENCY --**
**PETITION FOR WRIT OF**
**MANDAMUS**

John D. Williams
      Respondent.

**[De. Local Rule 15.1]**

---

### Pursuant to FRBP 8011(d)

### \*\*\* AMENDED \*\*\*
### -- EMERGENCY --
### PETITION FOR WRIT OF MANDAMUS
### {Pursuant to De. Local Rule 15.1 and the FRAP – the
### Supplemental Argument is found at the close of the ORIGINAL
### Appendix}
*Ruling Requested as soon as practical*

**05-12005 JKF on Petition from the United States Bankruptcy
Court for the District of Delaware rulings of August 30, 2005,
Judge Judith K. Fitzgerald, Bankruptcy Judge presiding**

**Reginald Burgess**
**3422 Old Capitol Trail #1068**
**Wilmington, DE**
**19808-6192**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES - CASES . . . . . . . . . . . . . . . . . . . . . . . .     ii

TABLE OF AUTHORITIES - OTHER . . . . . . . . . . . . . . . . . . . . . . .     iii

EMERGENCY MOTION CERTIFICATE  - FRBP 8011(d) . . . . . . . . .     1

STATEMENT OF JURISDICTION  . . . . . . . . . . . . . . . . . . . . . . . . . .     2

STANDARD OF REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     2

SUMMARY OF THE CASE  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     3

ISSUES PRESENTED    . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     4

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     4

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     4

SUMMARY OF THE ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . .     5

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     6

I.       DOMICILE, CITIZENSHIP AND IT'S ACQUISITION  . . . . . .     6

II.      JUDGE FITZGERALD IGNORED THE STAY AS VIOLATED      8

III.     MANDAMUS IS ABSOLUTELY WARRANTED AS REMEDY     12

IV.     THE TRUSTEE'S DUTIES WERE LIMITED TO 11 USC 1302     13

V.      CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     14

## TABLE OF AUTHORITIES

### CASES

Boesenberg v. Chicago Title & Trust Co., 7 Cir., 1942, 128 F.2d 245, . .    6
    247, 141 A.L.R. 565

Carteret Sav. Bank, FA v. Shushan, 919 F.2d 225, 228 (3d Cir. 1990) . .    2

Clemmer v. Kummer, D. Minn., 1960, 187 F.Supp. 736, 738 . . . . . . . .    6

Conservatorship Estate Truitt Matthew Stewart. Truitt Matthew . . . . . . .    8
    Stewart v. Leon Omansky,  276 Cal. App. 2d 211; 80 Cal.
    Rptr. 738 (September 18, 1969)

Cunningham v. Universal Underwriters, 98 Cal.App.4th 1141,  . . . . . . .    1
    120 Cal.Rptr.2d 162 (Cal.App. Dist.4 04/30/2002)

Desmare v. United States, 1877, 93 U.S. 605, 610, 23 L. Ed. 959 . . . . .    6

Ellis v. Southeast Construction Co., 8 Cir., 1958, 260 F.2d 280, 281 . . .    6

Groner v. Miller (In re Miller), 262 B.R. 499, 503 (9th Cir. BAP 2001) .    2

Hershey Foods Corp. v. Hershey Creamery Co., 945 F.2d 1272, . . . . . .    2
    1278 (3d Cir. 1991)

Hustler Magazine v. U.S. Dist. Ct., 790 F.2d 69, 70 (10th Cir. 1986) . . .    2

In re Atlantic Bus. and Community Corp., 901 F.2d 325, 328 (3d Cir. 1990) 9

In re Davis, 177 B.R. 907 (9th Cir. BAP 1995) . . . . . . . . . . . . . . . . . .    5

In re La Sierra Financial Services, Inc., No. CC-01-1541-MaMoB . . .    5,12
    (9th Cir. 11/29/2002)

In re Lam, 192 F.3d 1309, 99 Cal. Daily Op. Serv. 8152 . . . . . . . . .    10,11
    (9th Cir. 10/04/1999)

In re Landsdale Family Restaurants, 977 F.2d 826, 829 (3d. Cir. 1992) . .    9

In re Menk, No. SC-98-1816-KRyB (9th Cir. 11/05/1999) fn4 . . . . . . . .    5

Nobelman v. American Savings Bank, 508 U.S. 324 (1993). . . . . . . . .    11

In re Sealed Case, 141 F.3d 337, 340 (D.C. Cir. 1998) . . . . . . . . . . . . .    2

In re United States, 273 F.3d 380, 385 (3d Cir. 2001) . . . . . . . . . . . . . .    2

Janzen v. Goos, 302 F.2d 421 (8th Cir. 04/27/1962) . . . . . . . . .    7,9,10,12

Lawrence Barker, Inc. v. Briggs (1952) 39 Cal. 2d 654, 661 [248 P.2d 897] 1

Mayton v. Sears. Roebuck & Co. (In re Mayton), 208 B.R. 61, 63 . . . . .    2
    (9th Cir. BAP 1997)

McNello v. John B. Kelly, Inc., 3 Cir., 1960, 283 F.2d 96, 99, footnote 1 .    6

McSparran v. Weist, 402 F.2d 867 (3rd Cir. 10/02/1968) . . . . . . . . . . . .    7

Mitchell v. United States, 1875, 21 Wall. 350, 353, 22 L. Ed. 584 . . . . . .    6

Nascone v. Spudnuts, Inc., 735 F.2d 763, 764 (3d Cir. 1984) . . . . . . . . .    2

National-Standard Co. v. Adamkus, 881 F.2d 352, 356 n.3 (7th Cir. 1989)    2

Stine v. Moore, 5 Cir., 1954, 213 F.2d 446, 448 . . . . . . . . . . . . . . . . . . . .   6

Smith v. Sperling, 1957, 354 U.S. 91, 93, footnote 1, 77 S. Ct. 1112, . . . .   6
    1 L. Ed. 2d 1205

Sunbelt Corp. v. Noble, Denton & Assoc, 5 F.3d 28, 30    2,9,10,11,12,13,14
    (3d Cir. 1993)

Sunshine Beauty Supplies, Inc. v. U.S. Dist. Ct., 872 F.2d 310, 311 . . . . .   2
    (9th Cir. 1989)

Thompson v. Moore, 8 Cir., 1940, 109 F.2d 372, 373-374 . . . . . . . . . . .   6

Van Dusen v. Barrack, 376 U.S. 612, 615 n.3 (1964) . . . . . . . . . . . . . .   2

Warrick v. Gen. Elec. (In re Warrick), 70 F.3d 736, 739 (2d Cir. 1995) . .   2

Wichita Railroad & Light Company v. Public Utilities Commission, . . . . .   6
    1922, 260 U.S. 48, 53-54, 43 S. Ct. 51, 67 S. Ct. 124

White v. ABCO Engineering Corp., 199 F.3d 140 (3d Cir. 12/02/1999) . .   12

## OTHER AUTHORITIES

11 USC 109 . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   1,2,3,4,5,7,8

11 USC 307 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   14

11 USC 324 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   9

11 USC 350 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   9

11 USC 362 . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   1,2,3,4,6,7,8,13

11 USC 522 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   1,5

11 USC 524 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   1,3,5

11 USC 544 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   5,12

11 USC 547 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   5

11 USC 1302 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   9,13,14

18 USC 152 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   13

28 USC 158 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   2

28 USC 1332 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   6

28 USC 1404 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   2,5,13

28 USC 1651 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   2

California Code of Civil Procedure 493.030(b) . . . . . . . . . . . . . . . . .   5,11

California Evidence Code 623 . . . . . . . . . . . . . . . . . . . . . . . . . .   4

California Probate § 15685 . . . . . . . . . . . . . . . . . . . . . . . .   4

FRBP 1014 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   5

FRBP 7001 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   13

FRBP 7004 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   4,5

FRBP 7055 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   8,10,11

FRBP 7065 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    9
FRBP 8001 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    2
FRBP 8002 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    2
FRCP 12(6)(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   10
FRCP 60(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   10

APPENDIX

## EMERGENCY MOTION CERTIFICATE - FRBP 8011(d)

(i) The telephone numbers and office addresses of the attorneys for the parties;

Andrea VanLeesten
6080 Center Drive 6th Floor
Los Angeles, CA 90045
FAX 13102426142
13102426642

Michael B. Joseph - Chapter 13 Trustee
824 Market Street
P.O. Box 1351
Wilmington, DE 19899-1351
13026560123  - FAX 13026566660

(ii) Facts showing the existence and nature of the claimed emergency;

MANDAMUS is warranted by 11 USC 362 and an 11 USC 524 prior discharge. 11 USC 109 is satisfied. The Conservatorship of Williams failed in a previous Bankruptcy and the order of August 8, 2002 discharged in LA02-37195ER by AD02-03224ER. The Conservatorship then procured orders violating 11 USC 524(a)(2) including a writ of possession violating 11 USC 522 also. On July 26, 2005 the Conservatorship proceeded with an eviction in violation of 11 USC 362. The Conservatorship has persistently violated 11 USC 362 and has managed to escape enforcement of 11 USC 362(h) each time.   When Debtor filed an Emergency Motion and Adversarial Proceeding under FRBP 7065 – it was placed on calendar for hearing 30 days later.  In the meantime Debtor's property was confiscated, he locked out of his OWN HOME and his property stolen and his business thrown into disarray.  Not only was action of the Conservatorship a violation of the automatic stay, it was a "wrongful eviction" under California law as not having followed any course of Unlawful Detainer law. See ***Cunningham v. Universal Underwriters*, 98 Cal.App.4th 1141, 120 Cal.Rptr.2d 162 (Cal.App. Dist.4 04/30/2002)** [A "wrongful eviction" thus occurs when the person recovering the property had no right to dispossess the other party from the property.] "and a lessor's action to recover possession of real property is not one for unlawful detainer where he does not comply with the statutory notice requirements" (Lawrence Barker, Inc. v. Briggs (1952) 39 Cal. 2d 654, 661 [248 P.2d 897]). An order violating 11 USC 524 was issued, and the Conservatorship blatantly violated 11 USC 362 from the very first day of filing LA02-37195ER. The Bankruptcy Court has ruled against the Code and this motion should not be remanded to it. IRREPARABLE HARM HAS NOW OCCURRED AND IS CONTINUING.

(iii) When and how counsel for the other parties were notified and whether they have been served with the motion; or, if not notified and served, why that was not done.

Parties were mailed this petition

1

## STATEMENT OF JURISDICTION

The petition is based on 28 U.S.C. 1651 and 28 U.S.C. 158. The bankruptcy court's order is final as to appellant. *Mayton v. Sears. Roebuck & Co.* **(In re Mayton), 208 B.R. 61, 63 (9th Cir. BAP 1997).** The appeal as a petition for writ is timely pursuant to Bankruptcy Rule 8001(a) and 8002(a). *Weston,* **41 F.3d at 495.**

## STANDARD OF REVIEW

It is a well-established rule in this circuit (and generally) that " 'orders transferring venue are not immediately appealable.' " Sunbelt Corp. v. Noble, Denton & Assoc., 5 F.3d 28, 30 (3d Cir. 1993) (quoting Carteret Sav. Bank, FA v. Shushan, 919 F.2d 225, 228 (3d Cir. 1990)); see also Hershey Foods Corp. v. Hershey Creamery Co., 945 F.2d 1272, 1278 (3d Cir. 1991) ("It is well-settled that orders granting or denying a change in venue are not proper subjects for interlocutory appeals.") (citing Nascone v. Spudnuts, Inc., 735 F.2d 763, 764 (3d Cir. 1984)); 15 Charles Alan Wright et al., Federal Practice & Procedure S 3855, at 472 (2d ed. 1986 & Supp. 2002) ("It is entirely settled that an order granting or denying a motion to transfer under 28 U.S.C.A. S 1404(a) is interlocutory and not immediately appealable . . . ."). However, we, like other courts, have held that " '[m]andamus is. . . the appropriate mechanism for reviewing an allegedly improper transfer order.' " In re United States, 273 F.3d 380, 385 (3d Cir. 2001) (alteration and ellipsis in original) (quoting Sunbelt, 5 F.3d at 30); see also Van Dusen v. Barrack, 376 U.S. 612, 615 n.3 (1964); In re Sealed Case, 141 F.3d 337, 340 (D.C. Cir. 1998); Warrick v. Gen. Elec. (In re Warrick), 70 F.3d 736, 739 (2d Cir. 1995); National-Standard Co. v. Adamkus, 881 F.2d 352, 356 n.3 (7th Cir. 1989); Sunshine Beauty Supplies, Inc. v. U.S. Dist. Ct., 872 F.2d 310, 311 (9th Cir. 1989); Hustler Magazine v. U.S. Dist. Ct., 790 F.2d 69, 70 (10th Cir. 1986). A bankruptcy court's assessment of damages under § 362(h) is reviewed for an abuse of discretion, *Groner v. Miller* **(In re Miller), 262 B.R. 499, 503 (9th Cir. BAP 2001).**

## SUMMARY OF THE CASE

Debtor is entitled to 11 USC 362(h) damages from THIS court. The California State Court has ruled that 11 USC 362 and 524 were exclusive Federal Jurisdiction. The California Central District Bankruptcy Court ruled that Roy Union and Debtor's businesses did not exist in California. When the State court would not stop and honor 11 USC 524; Debtor was forced to file for Bankruptcy in the only State where he and his businesses are subject to personal jurisdiction – that being Delaware. All rules were followed, and deadlines met by Debtor, then the Trustee; in concert with a violation of the Bankruptcy discharge of LA02-37195ER filed a motion to change venue. Debtor had already immediately filed Emergency Motions to enforce the automatic stay. The trustee instead joined in the violation of the automatic stay by concocting a story to the court untrue but in his own mind to seek to have Venue changed to where Debtor will be harmed and where the prior Bankruptcy Discharge is being ignored to steal his property.

The Bankruptcy Court with the Honorable Judith K. Fitzgerald presiding; on August 30, 2005 heard both motions – actually three motions – two from Debtor and the motion of trustee. The Court initially GRANTED largely all three. The court sua sponte ruled it would grant relief in Adversary 05-52205 BEFORE sending the matter back to California. Debtor's plan incorporates success on the Adversary 05-52205, and it appeared the Bankruptcy order of LA02-37195ER would be enforced by 11 USC 524.

September 8, 2005 the transfer order was entered, the clerk's default entry only of September 1, 2005, and September 2, 2005 an order dismissing the case due service.

The Adversary is not denominated in the order as being transferred, and nor did the Trustee move for it to be transferred. A call to the clerk, "Violetta" on September 8, 2005 revealed she entered the default. It did show on the "ecf" system, and the clerk's order, but at this writing Debtor is unable to reach the clerk again. Debtor seeks a Writ of Mandamus as the California Courts have ruled jurisdiction is not had in that State.

3

## ISSUE PRESENTED

CAN A BANKRUPTCY JUDGE ORDER A MATTER TRANSFERRED TO A VENUE WHERE THE COURTS HAVE ALREADY RULED BY 11 USC 109 IT IS THE IMPROPER DISTRICT WITH NO JURISDICTION OVER D/B/A OR CORPORATE ENTITIES THE BANKRUTPCY ESTATE? **ANSWER: NO**

## STATEMENT OF THE CASE

Debtor was ***wrongfully evicted*** VIOLATING 11 USC 362. Debtor needed to access the equity in his home for his business. Debtor had since the discharge of LA02-37195ER had problems with business creditors and an ability to hire required help due to his equity remaining tied up in an abuse of process. Williams continued using a VOID and VACATED order of August 8, 2002 determined in AD02-03224ER in LA02-37195ER to NOT be one excepted from discharge. Williams instead AGAIN labeled it an *unlawful detainer action* to contemptuously continue collection efforts on the VOID order. By CA Evid Code 623, Williams could no longer prosecute any issue to title once admitting it lawfully rested with Debtor, who has suffered actual damages addressable by State Law by California Probate Code 15685 which by Law are actual damages of $95 per day minimum.

## STATEMENT OF FACTS

11 USC 109 is satisfied with Debtor's business located in Delaware. John D. Williams, as a conservator of George W. Williams ("JD") violated 11 USC 362 July 26, 2005 by continuing with a "wrongful eviction" after the Bankruptcy was filed. The agent for service of process of the Conservatorship, Andrea VanLeesten was lawfully served by FRBP 7004(b)(2). Debtor filed the motions the subject of this Petition and no responses were had from JD. The Bankruptcy court then dismissed the adversary on September 2, 2005 for service.

4

The court transferred in accord FRBP 1014 and 28 USC 1404; but it was the Bankruptcy trustee who had strong arm powers and title to the property under 11 USC 544.   It was the Bankruptcy Trustee who should have addressed the property at issue.  The trustee failed to do his job and did not have standing to bring the Motion to Change Venue.  **11 USC 109.**  The Bankruptcy code was over-hauled in 1978 to prevent abuses like this[1].  See ***In re Menk,*** **No. SC-98-1816-KRyB (9th Cir. 11/05/1999) fn4** See ***In re Davis,*** **177 B.R. 907 (9th Cir. BAP 1995)**

### SUMMARY OF THE ARGUMENT

A void order may not be the basis for *res judicata* in Bankruptcy. ***In re La Sierra Financial Services, Inc., No. CC-01-1541-MaMoB (9th Cir. 11/29/2002)*** By State Law at CCP 493.030(b) Writs of Attachment and Temporary Protective Orders (TPO's) created within 90 days of the filing for Bankruptcy are terminated by CA State Law and assets transferred to the Trustee for disposal under the powers of 11 U.S.C. § 544, ***as such no return to State Court could be had to proceed to further judgment***.  The trustee abandoned the entire estate back to Debtor. This is then clearly within the 90 day "preference period" under 11 U.S.C. § 547. The Trustee has the burden of proving the avoidability of such a transfer. 11 U.S.C. § 547(g). "The creditor or party in interest against whom recovery or avoidance is sought has the burden of proving the nonavoidability of a transfer under subsection (c) of this section." 11 U.S.C. § 547(g).  No objections were filed. While the matter is supposed to be *res judicata* BY LAW, no court will enforce the law and instead keeps doing other things they create that do not comport with law. The automatic stay was clearly violated, Debtor evicted in violation thereof and of 11 USC 524 and 522, yet the Court returns Debtor to the problem place of venue, and rules for him in open court then back-tracks and fails to uphold that ruling. FRBP 7004 allows 120 days for service, and FRBP 7004(b)(2) was complied with.

---

[1] The Bankruptcy Commission found, and hearings before the Subcommittee on Civil and Constitutional Rights confirmed, that the most severe problem in the bankruptcy administration was the court system.

## ARGUMENT

## I.    DOMICILE, CITIZENSHIP AND IT'S ACQUISITION

The standard under 11 USC 362 is one of violation, not irreparable harm. ""Citizenship and domicile are synonymous for purposes of § 1332[2]. Ellis v. Southeast Construction Co., 8 Cir., 1958, 260 F.2d 280, 281; Stine v. Moore, 5 Cir., 1954, 213 F.2d 446, 448; Clemmer v. Kummer, D. Minn., 1960, 187 F.Supp. 736, 738. **The existence of diversity of citizenship is to be determined not as of the time the cause of action arises but as of the time suit is instituted**. Thompson v. Moore, 8 Cir., 1940, 109 F.2d 372, 373-374; McNello v. John B. Kelly, Inc., 3 Cir., 1960, 283 F.2d 96, 99, footnote 1; Clemmer v. Kummer, supra, p. 737 of 187 F.Supp. See Wichita Railroad & Light Company v. Public Utilities Commission, 1922, 260 U.S. 48, 53-54, 43 S. Ct. 51, 67 S. Ct. 124; Smith v. Sperling, 1957, 354 U.S. 91, 93, footnote 1, 77 S. Ct. 1112, 1 L. Ed. 2d 1205; Boesenberg v. Chicago Title & Trust Co., 7 Cir., 1942, 128 F.2d 245, 247, 141 A.L.R. 565.

Any person, sui juris, may make a bona fide change of domicile or citizenship at any time. Stine v. Moore, supra, p. 448 of 213 F.2d. However, one may have only one domicile at a time and a domicile once established persists until a new one is acquired. Ellis v. Southeast Construction Co., supra, p. 281 of 260 F.2d; Desmare v. United States, 1877, 93 U.S. 605, 610, 23 L. Ed. 959; Restatement of the Law of Conflict of Laws, § 23. Once acquired, it is presumed to continue until it is shown to have been changed. Mitchell v. United States, 1875, 21 Wall. 350, 353, 22 L. Ed. 584; Stine v. Moore, supra, p. 447 of 213 F.2d.

"To acquire a domicil of choice, the law requires the physical presence of a person at the place of the domicil claimed, coupled with the intention of making it

---

[2] 28 U.S.C. § 1332

his present home. When these two facts concur, the change in domicil is instantaneous. Intention to live permanently at the claimed domicil is not required. If a person capable of making his choice honestly regards a place as his present home, the motive prompting him is immaterial"."" ***Janzen v. Goos*, 302 F.2d 421 (8th Cir. 04/27/1962).** The Court did not seek to establish Debtor's intention.

*Janzen* is cited in ***McSparran v. Weist*, 402 F.2d 867 (3rd Cir. 10/02/1968)** and *en banc* ruling of the 3rd Circuit in which it is referenced in footnote 13, as a "manufactured diversity" and "trapped in the jurisdiction" Probate issue case.

Debtor filed the Adversary 05-52205 – AFTER – he was evicted, and thus had no California residence any longer. While not an issue of "diversity"; the Trustee's argument to send the matter to California is based on domicile that no longer exists. Trustee's view is wrong, and 11 USC 109 allows any party with a business or domicile to file in the district. Since the business was located in Delaware since 1996, clearly Debtor is entitled to file in the Delaware District.

The court based a September 8, 2005 order denying 362 enforcement on "irreparable harm" when the standard is the Creditor's violation, not harm measure

Finally, since the court took action on a component of the plan – being the adversary and the default was entered – the only issue is service upon the agent for service of process. That is "**WAS IT THE PROPER AGENT FOR SERVICE FOR THE CONSERVATORSHIP SERVED?**", and the answer is yes.

In California, a "Conservatorship" is much akin to a Public Corporation. The officer of the court is served. Indeed the California Courts have set it as thus:

> The sole purpose of a conservatorship is to provide a competent person to act, ***under the guidance of the probate court***, as the agent of the conservatee. **No title to the conservatorship estate vests in**

**the conservator.** When a conservatorship is created, whatever rights exist against the conservatee continue against the estate; when it is terminated, whatever rights existed against the estate continue against the conservatee*fn1 -- now restored to capacity to defend himself. By the same token, if the conservator, in his or its individual capacity, has wronged a third [276 CalApp2d Page 215] person by actions taken in the course of the conservatorship, its individual liability continues after the termination. ***Conservatorship Estate Truitt Matthew Stewart. Truitt Matthew Stewart v. Leon Omansky***, **276 Cal. App. 2d 211; 80 Cal. Rptr. 738 (September 18, 1969)**

*Certainly from this it is clear that who holds the judgment for the Conservatorship is actually the Court.* Much like an Estate of a dead person, the Probate Court holds the property, and the Conservator is only the agent to the judgment. While a Conservator can be sued personally for wrongs he is DOING, once a judgment is entered it is the property of the Court and the proper party to serve is the supervising officer of the Court of the Conservatorship. In this respect, John D. Williams as "Conservator" of the Estate of Williams was properly served through the agent of the court officer employed by he, being Andrea VanLeesten. This by FRBP 7055 is a right of an entitlement that clearly warrants mandamus.

## II.    JUDGE FITZGERALD IGNORED THE STAY AS VIOLATED

Debtor is entitled to 11 USC 362(h) damages from THIS court. The court before whom the contempt or transgression of the order is committed, is the court that must deal the sanction or punishment. 11 USC 362(h) is a ***shall*** grant statute. It is an entitlement that warrants mandamus. The ***alleged and noticed creditor*** "Conservatorship of Williams" – by the hand of John D. Williams continued violating the Order of Discharge. Judge FITZGERALD ignored 11 USC 109; 11 USC 362 and it appears ignored each right the Code demanded as a "shall grant" by law and behaved as though she had no duty to the Code and precedent.

See In re Atlantic Bus. and Community Corp., 901 F.2d 325, 328 (3d Cir. 1990) ("willful violation" requires that defendant knew of stay and that actions which violated stay were intentional); See also In re Landsdale Family Restaurants, 977 F.2d 826, 829 (3d. Cir. 1992) (violation "willful" if creditor knows of stay and takes intentional action violating it, and good faith belief insufficient to escape liability). Stalling and vacillating by the courts is a form of irreparable harm also.

FRCP 65(b) – which is FRBP 7065 directs an Emergency Motion take precedence over all other matters. In Judge Fitzgerald's court it does not and did not. July 26, 2005 a violation occurred and while properly moved, the court heard no evil and saw no evil. True, it appears Judge Fitzgerald was allegedly on vacation when the case was assigned, and has a heavy calendar Debtor can now see; however justice Delayed is Justice denied. The manner in which to resolve this amount of workload was then to "hot potato" it back to the place from which they believe it came. That is not policy in this circuit. See *Sunbelt Corp. v. Noble, Denton & Associates Inc.*, **5 F.3d 28 (3rd Cir. 07/13/1993)**

11 USC 350(a) is clear the case is closed when administered fully as was the California case and it is equally clear that to just refuse to do so will leave a poison-pill trail to deny access to the law by prejudicial beliefs just by appearance.

Domicile is defined by the litigant's intention, not what others want it to be, and the trustee simply poison-pilled Debtors' access to the law. *Janzen v. Goos*, **302 F.2d 421 (8th Cir. 04/27/1962)** The Trustee mis-lead the court in his proffer on venue, and this demands he be removed for cause. See 11 USC 324.

The trustee's duties are defined at 11 USC 1302, and it does not include an adversarial attack on the Debtor absent the trustee finding fraud in the filing; yet this is exactly what the trustee did, and the court sanctioned behind his proffer.

In short the actions of the trustee and the court were to "throw the debtor out of court" for no good reason other than perhaps he is Black; an Amputee who cannot walk like normal people; has law absolutely on his side with a valid order under the Code that has him victorious; or, is too knowledgeable of the law.

The trustee has thwarted his job to intentionally make a mess of this only addressable by Writ of Mandamus. ***Sunbelt Corp. v. Noble, Denton & Associates Inc.*, 5 F.3d 28 (3rd Cir. 07/13/1993)** The Court granted a Default in accord law, and then withdrew it, on a lark that the wrong person appeared to have been served; and dismissed the case without other comment as to service issues. The Ninth Circuit addressed a very similar matter in ***In re Lam*, 192 F.3d 1309, 99 Cal. Daily Op. Serv. 8152 (9th Cir. 10/04/1999)** and came to an appellate conclusion the default should be granted by FRBP 7055, and then let the defaulting party appear and show by motion under FRCP 60(b) how the matter would have come out differently.

Here as in ***Lam*** after two years of silence, and immediately going into default in LA02-37195ER under AD02-02571ER, though the court refused to enter the default on some lark only it understands; to ever enter a final order would bring forward the issue that is before this court. Williams is in default, and the courts are stalling on entering the default to return Debtor's property to him free and clear. In the interim the hope can only be to damage him mortally that he cannot respond.

In ***Lam*** the court actually wrote "***Federal courts are not run like a casino game in which players may enter and exit on pure whim. A defaulted party may not re-enter litigation, particularly on appeal, on sheer caprice. It must follow proper procedure to set aside the default."*** Here, even the court served the Conservatorship and still no response. FRBP 7055 does not give the court the latitude to discretionarily decide "that must not be the correct address and person"; but instead FRBP 7055(b)(2) dictates that the movant instead is entitled to a prove-

up hearing to prove to the court any problems in the default.

Here, Williams filed AD02-03224ER in response to AD02-02571ER because they had gone into default in AD02-02571ER, and still failed in a 12(b)(6) dismissal which caused their unsecured order to firmly discharge in LA02-37195ER. The trustee could have only contacted the Conservatorship of Williams by phone to have taken such a personal affront to the Bankruptcy, and thus there must be a conspiracy in that respect; however, this court need not reach that issue.

Here the default matter is clear. The proper party was served. The default was entered by the clerk, and the court SHALL and MUST enter the judgment by FRBP 7055(b) upon no objection from the defaulting party. In *Lam* the court believed it did not have the power to enter such a similar type default by *Nobelman v. American Savings Bank*, **508 U.S. 324 (1993)**. Here however, this is not a superior lien holder scenario – that i.e. a "mortgage company"; but as in *Lam* this is an unsecured Judicial lien that actually dissolved and discharged automatically by State law at the filing of Bankruptcy by California Code of Civil Procedure 493.030(b). The Probate Court itself VACATED the order on September 23, 2003 in a NOTICED motion, a copy of the order of which was attached the adversary complaint – in which once again no response was had by the Conservatorship of Williams. Here as in *Lam* the court must be ordered to do it's job and enter the default judgment as it was plead in the complaint and proposed as an order to the court. *It is simply that mandamus applies here also.*

The alternative is and was for the court to operate under FRBP 7055(b)(2), which was done in even this case and still no response; however the court in NOT supposed to take a posture to defend a non-appearing litigant by refusing the default mandate 7055. The court cannot defend the defaulting party *sua sponte*.

These two issues command Mandamus, and immediately

### III.  MANDAMUS IS ABSOLUTELY WARRANTED AS A REMEDY

A void order may not be the basis for *res judicata* in Bankruptcy. *In re La Sierra Financial Services, Inc.,* No. CC-01-1541-MaMoB (9th Cir. 11/29/2002) By State Law at California Code of Civil Procedure 493.030(b) Writs of Attachment and Temporary Protective Orders (TPO's) created within 90 days of the filing for Bankruptcy are terminated by State Law and assets transferred to the Trustee for disposal under the powers of 11 U.S.C. § 544, *as such no return to State Court could be had to proceed to further judgment*. The trustee abandoned the entire estate back to Debtor in LA02-37195ER on January 2, 2003 and no objections were filed. This matter is automatically by law, *res judicata*.

The Court did not even address the pleadings as filed to show the violations of the automatic stay or the damages Debtor suffered. Debtor cajoled the court with the story of how one of Jeffery Dahmer's victims got away, located Police, begged for help, and the Police saw it as "gay spat"; sent him right back where he was promptly killed and eaten. Dahmer was not caught until four victims later.

The issue of prior discharge and the injunction thereof should have been paramount to the court and the Trustee as to enforcement. The Debtor pleaded with the court as to such. It fell on deaf ears as to content. The Court supported the trustee's motion with no reference to law at all. It is an abuse of discretion and gross error when based on a domicile theory. *Janzen*

The court had no jurisdiction to move the case to a venue which already rejected it and the Debtor testified as such clearly on the record. *Sunbelt*

Here as in *White v. ABCO Engineering Corp.,* 199 F.3d 140 (3d Cir. 12/02/1999) the court does not give any reason under law. In *White* the court wrote: "The authority for the transfer to the District of New Jersey is not recited in

the order. The most obvious source is 28 U.S.C. § 1404(a) which provides: "For the convenience of parties and witnesses, in the interest of Justice, a district court may transfer any civil action to any other district or division where it might have been brought."*fn4 This section makes no mention of transfer by stipulation, in contrast to the succeeding section which allows for transfer by "motion, consent or stipulation of all parties," but only for (intra-court) inter-division, not inter-district transfer. See 28 U.S.C. § 1404(b)" The problem is that such a reasoning does not apply to Bankruptcy. *Sunbelt* instead is what would control, and it does not apply to give jurisdiction to the court for the transfer either – Debtor's business and domicile is in Delaware. Using a VOID order, 11 USC 362(h) especially applies.

## IV.   THE TRUSTEE'S DUTIES WERE LIMITED TO 11 USC 1302

11 USC 1302(b) reads:

(b) The trustee shall -
(1) perform the duties specified in sections 704(2), 704(3), 704(4), 704(5), 704(6), 704(7), and 704(9) of this title;
(2) appear and be heard at any hearing that concerns
(A) the value of property subject to a lien;
(B) confirmation of a plan; or
(C) modification of the plan after confirmation;
(3) dispose of, under regulations issued by the Director of the Administrative Office of the United States Courts, moneys received or to be received in a case under chapter XIII of the Bankruptcy Act;
(4) advise, other than on legal matters, and assist the debtor in performance under the plan; and
(5) ensure that the debtor commences making timely payments under section 1326 of this title.
(c) If the debtor is engaged in business, then in addition to the duties specified in subsection (b) of this section, the trustee shall perform the duties specified in sections 1106(a)(3) and 1106(a)(4) of this title.

The trustee fails miserably at item 4. The adversary under FRBP 7001(2) was a part of the Debtor's plan. The trustee torpedoed it instead to support an aberrance and violation of the Bankruptcy Code by others. See 18 USC 152(4)

Trustee's motion in no way refers to any problem issues as above in 1302(b)(1). Nor does it cite to any support under the requisites found in **Sunbelt**.

Certainly the Trustee may appear and be heard by 11 USC 307; however it limited to his duties under the applicable code section – that being in this case 1302. Finally the trustee and court took action as to conclude the meeting of the creditors and had a confirmation hearing set; so the Debtor should not be prejudiced by having these derailed from a questionable transfer order. This raises the "interested party" issue as to transfer of venue – and the trustee should not care.

## V.    CONCLUSION

The Court wants to escape duty and couch it's rulings in issues of service. This petition explains how service was proper. Moreover, the issue is the "judgment" obtained by a "Conservatorship" which clearly by California Law, the COURT holds for the Conservatee. Since John D. Williams has no interest or title in it, the proper party to serve was Andrea VanLeesten as the Officer of the Court by California Probate law. Even if she were not the proper agent, she would have the duty by Probate law to forward the service of such article to the proper party.

The courts are quick to rule against a pro se person no matter how correct they are. The Trustee's embarrassment would stem from his incorrect views.

The Court is supposed to be an honorable place where law is enforced; and not where shenanigan games of mischief are played on those who come before it in order to support fellow legal brethren in their transgressions of the law; but that is EXACTLY what has gone on here. The goal here was to beat up on a pro se party, who is CORRECT, and play a MIRROR and SHELL game while his property is stolen using the appearance of law so other attorneys can get "paid" from the spoils of the plunder. Ugly but bluntly true.

I grew up about 2 miles from where Chief Justice William H. Rehnquist resided early in his career in Milwaukee, WI. He was in Shorewood one mile east on Capitol Drive. My Mother was in his courtroom as an officer of the court – a Probation Officer. I actually met the cold eyes and heart of Jeffery Dahmer personally living barely one half mile from where his killing occurred at that time in my life. I escaped his cold but affable charm when I met him one night at "Golden Chicken" on Wisconsin Ave. My Mother as an Adult Probation Officer for 18 years and retired from Milwaukee County but always instilled truth and honor to pursue one's rights under law; but at 49 years old, I can't say I have ever seen the like of thievery so blatant as it is from Attorneys at Law with lies and innuendo totally untrue to steal and plunder the property of others. So bad is it they force a Bankruptcy, cannot succeed and then just blatantly violate the injunction to get away with it. When it appears this court has finally ruled properly, behind closed doors, the ruling changes. It has been over 60 days on an "Emergency Motion" and the thieves are still in possession of my property in violation of 11 USC 362. Certainly mandamus is warranted as an Appeal back where it would be transferred would not only be unfair – it would sit and rot on the shelves untouched by the court in anyway. Justice delayed will be justice denied.

The Court must grant an order of a Writ of Mandamus ordering:

1. Entry of the Default Judgment order as proposed, in AD 05-52205 JKF,
2. To order the Bankruptcy court to VACATE it's order of Transfer as one without jurisdiction to have entered in the first place, and;
3. To order the Bankruptcy court to GRANT the motion to enforce the automatic stay in the main case denied September 8, 2005 for "harm"

I declare by the laws of the State of Delaware under penalty perjury the above is true and correct signed at Wilmington, Delaware this 14th day of September 2005

Reginald P. Burgers

15

## CERTIFICATE OF COMPLIANCE  [FRAP 32(a)(7)(C)]

This brief is in Proportional 14 point type and is 15 pages long, with 5,197 words, comprised of 24,889 characters in 98 paragraphs and has 470 lines of text relied upon by Microsoft Word version 7 in Times New Roman 14 point type including footnotes and headers in the count

Dated this 14th Day of September 2005

Reginald P. Burgess

## NOTICE OF RELATED CASES [FRAP 28]

No known related cases are pending in this circuit

Dated this 14th Day of September 2005

Reginald P. Burgess

**- APPENDIX -**

**THE COURT'S PRIOR ORDERS  ARE IN THE ORIGINAL APPENDIX AND
THE SUPPLEMENTAL ARGUMENT TO THE PETITION FOR WRIT OF
MANDAMUS NOW FOLLOWING**

## STATEMENT OF JURISDICTION

This SUPPLEMENT to the petition is again based on 28 U.S.C. 1651 and 28 U.S.C. 158. The bankruptcy court's order is final as to appellant. The court has taken action absent jurisdiction to transfer and ignored this petition. ***Sunbelt Corp. v. Noble, Denton & Assoc, 5 F.3d 28, 30 (3d Cir. 1993)***

## STANDARD OF REVIEW

Remains unchanged.

### SUMMARY OF THE CASE

Remains unchanged and is supplemented by the fact of the matter that upon a motion for reconsideration, and cite to FRBP 1014(b) where FRBP 1014(a) did not apply, the court ignored the reply of Debtor and rushed to rule before the reply could be officially filed. The reply had been sent be email – certified with a return receipt as to date and time of receipt to the clerk of Judge Fitzgerald per the Judge's local-local (courtroom) rules, and instead of letting the hearing be held, ruled in a one line order that there was nothing new and sent a notice to the Clerk of the Central District to acknowledge a transfer order. The Clerk of the Central District of California then OPENED A NEW CASE and set a new meeting of the creditors when by the code the 341 meeting had already been noticed, held and concluded by law. The Debtor objected, filed a motion to reject the venue set for the date of the meeting of the creditors by the Central district's fifteen day rule under no objection LBR 9013-1(g), and filed a notice in the alternative to dismiss under 11 USC 1307(b) for lack of jurisdiction and served the alleged assigned trustee. As of this writing the court still refused to dismiss despite the clear language of 11 USC 1307(b). Further the Central District has no jurisdiction by 11 USC 109.   **Take Notice of USBC-CDC 05-48252ER**

## ISSUE PRESENTED

Remains unchanged

## STATEMENT OF THE CASE

Remains unchanged and is SUPPLEMENTED by the issue and fact that the Central District case LA02-37195ER is moot as the discharge issued, it being well over a year old and no fraud having been found, the August 8, 2002 order being used by the creditor "Williams" is null and void both by the code and having been vacated actually by order of the State Court under Federal Command of the Removal Statute, and no aberrant ruling can undo this fact. A hardship issue to an ADA American is applicable.

This case started as aberrant attempt to use the Conservatorship laws of the State of California to break a trust after distribution of the assets had lawfully occurred. A "retro-active abortion" so to speak. Williams was able to get Judges to abuse the power of their office and no court has been willing to do a de novo review which would clearly show this. HOWEVER, all of this is MOOT, as 11 USC 362 was blatantly violated, and 11 USC 362(h) is a clear mandate that no examination is then necessary to compensate for actual damages. A discharge order is in place, is valid, and there are NO EXCEPTIONS to the discharge and the court has been clearly instructed by *In re Gurrola* (**9th Cir BAP 2005**), that NO EQUITABLE EXCEPTIONS TO DISCHARGE can exist to 11 USC 524 – PERIOD. The discharge prevails, the order is void and the Creditor is in contempt of a prior discharge order, no matter how many courts want to "ignore" the reality of the law as set forth by Congress. This is a VOID order by law being used. However the reality that no response or objection is filed at all is conclusive.

## STATEMENT OF FACTS

Remains unchanged and is SUPPLEMENTED by the fact that no Transfer of this case occurred, and that instead the Central District opened a NEW case and attempted to proceed "anew" to give the ***res judicata*** issues a chance to re-awaken to force the Debtor to submit to the jurisdiction of that powerless court in accord 11 USC 109 and FRBP 1014(b) not being in compliance.  The Delaware Court was absent jurisdiction to transfer initially

## SUMMARY OF THE ARGUMENT

Remains unchanged.

## ARGUMENT

Remains unchanged and is supplemented by the issue of an aberrant court that is actually proceeding in Malice.  It is certain the California Bankruptcy court ***WILL NOT follow the Bankruptcy Code*** and that court is run by a rouge Judge Ernest M. Robles, who is intent on writing his own versions of the Bankruptcy code and ignoring the rights of those before him – especially pro se parties who research the law and are correct in their pleadings.

When confronted with clear directives of the BAP, he ignores them to enjoy his immunity, and uses it maliciously, prejudicially, and capricously.

In this case he has NO JURISDICTION at all, and insists on holding open a Bankruptcy Closed by law at 11 USC 350, as a blight on the fairness of law. He instructs his clerks to obstruct the law and justice, needing to be stopped.

Certainly the courts are overwhelmed with work and the ease to which the electronic age allows it to be piled on is no help; however the Judicial system still needs to have integrity.  Judge Robles does not bring that.

In this case personal issues can stay aside, because FRBP 1014(b) and the amendments and notes thereto are clear the case could not be transferred, and even so – it was not transferred but "re-started" to force a dismissal.

This kind of behavior by the courts is egregious, and begs the issue of why so many TV shows are turning up with references to "The Patriot Act"; as one that is akin to step to George Orwell's book "1984."

Here the issue is clear, mandamus is clearly warranted and while this court may well have been overwhelmed also with work, because this litigant is pro se, is not reason to toss the case to the bottom of the pile as is customary when there is no attorney to call and prod the clerk and court for action.

In this case, the Debtor is a handicapped individual as a Left Leg above knee amputee.  This occurred at the hand of actually performing duties under law to the California Trust of June L. Williams and George W. Williams. Though Debtor desperately needed medical attention in Rochester, MN at the Mayo Clinic to save his leg, instead John D. Williams launched this aberrant run at property because he was in bankruptcy and desperately needed an infusion of cash.  John D. Williams withheld this fact and it was though a Chapter 11 filing by Debtor that Debtor discovered this after the fact of destroying Debtor and his family with legal machinations.

Debtor then lost his leg on December 8, 2001 and was drug from the hospital and back to court only three days after the amputation.

A prosthesis is not a solution as is a real leg. It is largely a stick with a dangerous hinge that takes 60% more energy to manipulate than a real leg. There are issues of sores in the socket area which holds it on, and of course the prosthesis is a temporary solution only for mobility absolutely necessary.

Instead of leniency, to recognize the hardship; the court has been malicious in dragging the Debtor to rouge court action after action, exhausting him none of which can be addressed or explained under the code. The only solution is to ignore the legal argument that this action is wrong and abusive.

Instead what HAS happened that is explained by the code is that:

1.    A void order was produced by the state court in re 28 USC 1446(d)
2.    The CA Court order was absent state law to title and possession.
3.    The State Court vacated it on September 23, 2003 restoring title.
4.    The Bankruptcy Court dismissed a 11 USC 523(a)(4) challenge
5.    The Bankruptcy Court acknowledged the "award discharged"

## CONCLUSION

The Delaware Bankruptcy Court operated without honor in a rush to support a trustee who was WRONG. The code bears this out at FRBP 1014(b). Perhaps the trustee is lacking competence and cannot read, or perhaps he was more actually being conspiratorial and malicious in participating to send a case into "oblivion." Here the courts are supporting absolute theft. Regardless of what this litigant THINKS, the law is clear at 11 USC 362, and 11 USC 1301 in that the Debtor retains all property to re-organize. MANDAMUS IS WARRANTED and commanded by law at 11 USC 109.

I declare by the laws of the State of Delaware under penalty
perjury the above is true and correct signed at Wilmington,
Delaware this 9th day of December 2005

Reginald P. Burgess

REC'D OTC
CHAPTER 13 TRUSTEE
700 S FLOWER STE 1950

2005 DEC -7 PM 1: 12


FILED
DEC - 7 2005

1  Reginald P. Burgess
2  3422 Old Capitol Trail #1068
   Wilmington, DE 19808-6192
   Attorney for Reginald P. Burgess
3
4
5
6           **UNITED STATES BANKRUPTCY COURT**
7            **CENTRAL DISTRICT OF CALIFORNIA**

REGINALD P. BURGESS,                          Chapter 13
8              Debtor.                 Case No. 05-48252-ER
9                                 NOTICE OF DISMISSAL DUE LACK OF
                                              JURISDICTION
10                              [11 USC 1307(b)]  [Fed R. Evid. 201]

11  **ORIGINALLY USBC-DEB 05-12005-JKF**
    **(Transferred in violation of FRBP 1014(b),**   December 9, 2005  Courtroom 1568
12  **still on appeal as USDC-DED 05-677 GMS)**     HONORABLE ERNEST M. ROBLES

13  TO COURT & CLERK:  - DEBTOR & THE CODE REJECTS THIS VENUE

14  DEBTOR previously filed a NOTICE TO DISMISS THIS ACTION 11/28/05 as:

15    1.    No jurisdiction exists to *sua sponte* file a NEW case by 11 USC 109, or

16          proceed, as Debtor is NOT found in this district, nor are his businesses.

17    2.    By FRBP 1014(b) the Delaware Bankruptcy Court was without

18          jurisdiction to transfer the case. See the "notes" and 1991 Amendment.

19          [No motion brought in the proper court and FRBP 1014(a) inapplicable]

20          *Sunbelt Corp. v. Noble, Denton & Assoc,* 5 F.3d 28, 30  (3d Cir. 1993)

21    3.    The Clerk "Lydia Gonzales" is then without power on 11/29/05 under the

22          code to re-schedule a hearing to negate the debtor's right, to adjudicate a

23          matter of the courts, as the court was without power to *sua sponte* open a

24          NEW case to race to aberrantly dismiss and issue orders defying the code.

25    4.    The Third Circuit has jurisdiction still by 05-677 above; 11 USC 1307(b)

26          controls; and, the notices as issued are NULL absent lawful jurisdiction.

27
28  I declare by the laws of the State of Delaware under penalty
    perjury the above is true and correct signed at Wilmington,
    Delaware this 7th day of December 2005               Reginald P. Burgess

    Notice of Dismissal for lack of Jurisdiction
                                                          Reginald Burgess
                                                          3422 Old Capitol Trail #1068
                                                          Wilmington, DE 19808-6192

1  Reginald P. Burgess
   3422 Old Capitol Trail #1068
2  Wilmington, DE  19808-6192
   Attorney for Reginald P. Burgess

3

4

5

6                    **UNITED STATES BANKRUPTCY COURT**
                        **CENTRAL DISTRICT OF CALIFORNIA**
7  REGINALD P. BURGESS,                │         Chapter 13
8              Debtor,                  │    Case No.  05-48252-ER

9                                       │  **NOTICE OF DISMISSAL DUE LACK OF**
                                        │              **JURISDICTION**
10                                      │    **[11 USC 1307(b)] [Fed R. Evid. 201]**
11 **ORIGINALLY USBC-DEB 05-12005-JKF** │
   **(Transferred in violation of FRBP 1014(b),** │  December 9, 2005  Courtroom 1568
12 **still on appeal as USDC-DED 05-677 GMS)** │  HONORABLE ERNEST M. ROBLES

13 TO COURT & CLERK:  **- DEBTOR & THE CODE REJECTS THIS VENUE**

14 DEBTOR previously filed a NOTICE TO DISMISS THIS ACTION 11/28/05 as:

15  1.    No jurisdiction exists to ***sua sponte*** file a NEW case by 11 USC 109, or

16        proceed, as Debtor is NOT found in this district, nor are his businesses.

17  2.    By FRBP 1014(b) the Delaware Bankruptcy Court was without

18        jurisdiction to transfer the case. See the "notes" and 1991 Amendment.

19        [No motion brought in the proper court and FRBP 1014(a) inapplicable]

20        ***Sunbelt Corp. v. Noble, Denton & Assoc, 5 F.3d 28, 30  (3d Cir. 1993)***

21  3.    The Clerk "Lydia Gonzales" is then without power on 11/29/05 under the

22        code to re-schedule a hearing to negate the debtor's right, to adjudicate a

23        matter of the courts, as the court was without power to ***sua sponte*** open a

24        ***NEW*** case to race to aberrantly dismiss and issue orders defying the code.

25  4.    The Third Circuit has jurisdiction still by 05-677 above; 11 USC 1307(b)

26        controls; and, the notices as issued are NULL absent lawful jurisdiction.

27 I declare by the laws of the State of Delaware under penalty
28 perjury the above is true and correct signed at Wilmington,
   Delaware this 7th day of December 2005              Reginald P. Burgess

   Notice of Dismissal for lack of Jurisdiction
                                                         Reginald Burgess
                          -1                             3422 Old Capitol Trail #1068
                                                         Wilmington, DE  19808-6192

1  Reginald P. Burgess
    3422 Old Capitol Trail #1068
2  Wilmington, DE  19808-6192
    Attorney for Reginald P. Burgess

3

4

5

6

7

8

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

9  REGINALD P. BURGESS,             Chapter 13
            Debtor,            Case No.  05-48252-ER

10

11                      PROOF OF SERVICE

12  **ORIGINALLY USBC-DEB 05-12005-JKF**
    **(Transferred in violation of FRBP 1014(b),**  December 9, 2005,  Courtroom 1568
13  **yet on appeal as USDC-DED 05-677 GMS)**  HONORABLE ERNEST M. ROBLES

14  **TO THE COURT, PARTIES AND ALL COUNSEL OF RECORD:**

15

16  I have this day, pursuant to FRBP 7005 [FRCP 5] MAILED true and correct copies
    of this DOCUMENT:

17

18          **NOTICE OF DISMISSAL DUE LACK OF JURISDICTION**
               **[11 USC 1307(b)]  [Fed R. Evid. 201]**

19

20  To the following individuals addressed as follows:

21  Clerk of Court
    U.S. Bankruptcy Court
22  255 East Temple Street
    Los Angeles, CA  90012
23

24  Kathy A. Dockery - Chapter 13 Trustee
    700 S. Flower Street, Suite 1590
25  Los Angeles, CA  90017

26

27  I declare by the laws of the State of Delaware under penalty
    perjury the above is true and correct signed at Wilmington,
28  Delaware this 7th day of December 2005      Reginald P. Burgess

    Notice of Dismissal for lack of Jurisdiction        Reginald Burgess
                             3422 Old Capitol Trail #1068
                  -2            Wilmington, DE  19808-6192

## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE
## THIRD CIRCUIT

---

Reginald P. Burgess,
   Debtor,

    District Court Case No. 05-677 GMS

Reginald P. Burgess,
   Petitioner
  v.

    Bankruptcy No. 05-12005 JKF
    Adversary No. 05-52205 JKF

    PROOF OF SERVICE

John D. Williams
   Respondent.

---

## TO THE COURT, PARTIES AND ALL COUNSEL OF RECORD:

I have this day, pursuant to FRBP 7005 [FRCP 5] MAILED true and correct copies of this DOCUMENT to:

  AMENDED EMERGENCY PETITION FOR WRIT OF MANDAMUS

To the following individuals addressed as follows:

Andrea VanLeesten    Michael B. Joseph - Chapter 13 Trustee
6080 Center Drive, 6TH Fl   824 Market Street
Los Angeles, CA 90045-9209  P.O. Box 1351
          Wilmington, DE 19899-1351

cc: Honorable Judith K. Fitzgerald, 824 Market Street, 3rd fl, Wilmington, DE 19801

I declare by the laws of the State of Delaware under penalty
perjury the above is true and correct signed at Wilmington,
Delaware this 9th day of December, 2005

Reginald P. Burgess

**Reginald Burgess**
**3422 Old Capitol Trail #1068**
**Wilmington, DE**
**19808-6192**