ORIGINAL

Reginald P. Burgess
3422 Old Capitol Trail #1068
Wilmington, DE 19080-6192
Attorney for: Reginald P. Burgess



RECEIVED
JAN 5 2005
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| REGINALD P. BURGESS,<br>Debtor, | District Court No. 05-00677-GMS<br>Chapter 13<br>BK Case No. 05-12005 JKF |
| REGINALD P. BURGESS,<br>Petitioner, | ADV No. 05-52205 JKF |
| v.<br>JOHN D. WILLIAMS<br>Respondent. | **NOTICE OF MOTION AND MOTION FOR DAMAGES AND RULING UNDER 11 USC 362(h) and 28 USC 157(d)**<br>[D. Del. L.R. 7.1.2(a)(1), 28 USC 157(b)(5)] |
| | February 10, 2006   8:30 a.m.<br>ORAL ARGUMENT NOT REQUESTED<br>HONORABLE GREGORY M. SLEET |

**PLEASE TAKE NOTICE** that on February 10, 2006 at 8:30 a.m. at the J. Caleb Boggs Federal Building, 844 N. King Street, Wilmington, DE 19801 or as soon as can be heard with oral argument waived, in the Courtroom of the HONORABLE GREGORY M. SLEET Movant Appellant Reginald P. Burgess will seek an order to enforce the discharge order of USBC-CDC LA02-37195ER that has been violated in a tortuous manner resulting in 11 USC 1301 also subsequently being violated, to rectify this issue and grant restitution in accord "actual damages" as demanded by the Bankruptcy Code found at 11 USC 362(h) and that as no party has responded in any timely manner to the requests under law that they should now be estopped by their failures and sanctions issued as the court may see fit.

I declare by the laws of the State of Delaware under penalty perjury the above is true and correct signed at Wilmington, Delaware this 2nd day of January, 2006

_____
Reginald P. Burgess, Debtor

Motion for Damages and Ruling

Reginald Burgess
3422 Old Capitol Trail #1068
Wilmington, DE 19808-6192

-1

## POINTS AND AUTHORITIES

### SUMMARY

This motion is filed with a Noticed date as all other filings remain absent action. John D. Williams (JD) FOR MORE THAN TEN YEARS WAS IN OPEN ACRIMONIOUS BANKRUPTCY in the Central District of California. By California Conservatorship AND Federal law he was without standing to bring action or do acts that would affect his Bankruptcy Estate absent the Trustee. JD did so anyway; he AND the court with held this information in litigation that JD launched; and the judgment he obtained was thus NULL. Additionally, the judgment of August 8, 2002 in Los Angeles Superior Court case BP 070275 was void by Federal law found at 28 USC 1446(d) for the case having been in a state of Removal when the order was signed producing a VOID order. The discharge of LA02-37195ER and failure of AD02-03224ER as an 11 USC 523(a)(4) challenge failed in a 12(b)(6) dismissal against Williams, thus discharging the entire August 8, 2002 order also. Finally the State Court VACATED said order on September 23, 2003 for the reasons above and 28 USC 1446(d). JD then used the order to evict Debtor from his home and confiscate property under law not belonging to him and instead to Debtor's Bankruptcy Estate of this action. The Trustee, inept to his duties filed a motion to change Venue when FRBP 1014(b) – and it's 1991 amendment is clear the motion must be brought in the FIRST District of the Bankruptcy and this not having been done means no jurisdiction existed to grant any VENUE change. 11 USC 362(h) is a SHALL GRANT statute that is jurisdictional without discretion as to ACTUAL DAMAGES above all else. The act of JD is a TORT as well as contempt, and 28 USC 157(b)(5) dictates that only the District Court may rule upon TORT issues, and not the Bankruptcy Court. Because a Petition for Writ of Mandamus is pending before this court, this motion falls hand in hand to that petition.

### JURISDICTION

28 USC 157(b)(5) is clear as to authority for tort law in Bankruptcy. 11 USC 1301 is conclusive as to the Debtor's rights and protections. 11 USC 362(h)

commands actual damages. 28 USC 157(d) dictates and grants latitude to this court to withdraw and supervise the case once a case number is assigned.

## ARGUMENT

Debtor has put forth a plethora of legal argument all unopposed. It is unopposed because the respondents have no legal counter position to it. They are clearly and deeply in the WRONG. A Venue motion cannot supercede sec 362(h)

The commanding cases in this matter are **Davis v. Courington (In re Davis)**, **177 BR 907,. 912-13 (9th Cir. BAP 1995)** [dismissal of Bankruptcy does not moot tort issues of automatic stay violation and damages]; and **Gurrola (In re Gurrola)**, **___ BR ___, 2005 WL 1604625 (9th Cir. BAP June 20, 2005)** (no equitable exception to § 524; acts in violation of that section are void)

Debtor has articulated that only this court has jurisdiction in prior pleadings. Please take NOTICE by Fed. R. Evid. 201, and see 11 USC 109.

Central to this issue is that JD NEVER HAD STANDING from the onset, putting aside the California Court ignoring their own law and procedure as set forth in the California Code governing to proceed to a judgment taken when the court was absent jurisdiction by 28 USC 1446(d); and what JD and his counsel used as an allegedly valid order to use Police action against the Debtor and confiscate his property and throw his business into disarray. It was a VOID *act and order* because it was used as an "equitable exception" to the LA02-37195ER discharge when the 9th Circuit ruled there are no "equitable exceptions" to sec 524.

1  The act of eviction from Debtor's own property has damages implications so
2  large it will take a comprehensive memorandum to itemize damages to his business
3  and person. Subsequent actions have happened to Debtor's business and reputation
4  because of the interruption to business activities. His phone was cut off, Internet
5  presence by which business is done disturbed, and a cascading effect must be
6  detailed for true actual damages.

8  This all began when June and George W. Williams wanted to invest in the
9  Debtor's high tech energy business because they had made some seriously poor
10 financial decisions as to retirement. When June passed away, JD insolvent, popped
11 onto the scene to try to prop up his ailing finances by commanding his brother sign
12 over his home to him. When he discovered it in trust, he got a lawyer to try to break
13 the trust. When that couldn't be done lawfully, he embarked upon a bastardized
14 plan supported by his insurance carrier because he had been sued for abuse of
15 process and had serious liability and was then committed to the ruse.

17 The courts on the West Coast are thus about protecting the careers of
18 Attorneys who stepped way outside the law. No court can or will address the issues
19 of propriety as raised here in a Federal Sense. The State Court will not address
20 JD's lack of standing, and the Bankruptcy Court will not address the State Court
21 going ahead with a Probate Case prosecution by a Bankrupt. It is an area of first
22 impression; but one thing is clear, being the judgment of August 8, 2002 discharged
23 in FULL, and JD then had NO ORDER to proceed with in the State Court even
24 though the State Court ignored it's own ruling vacating the order. This court must
25 order a reversal of the State Court's action using the VOID order.

27 I declare by the laws of the State of Delaware under penalty
   perjury the above is true and correct signed at Wilmington,
28 Delaware this 2nd day of January, 2006

Reginald P. Burgess, Debtor

Motion for Damages and Ruling

Reginald Burgess
3422 Old Capitol Trail #1068
Wilmington, DE 19808-6192

-4-

**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| REGINALD P. BURGESS,<br>　　　　Debtor,<br><br>REGINALD P. BURGESS,<br>　　　　Plaintiff,<br>　　v.<br><br>JOHN D. WILLIAMS<br>　　　　Defendant. | District Court No. 05-00677-GMS<br>Chapter 13<br>Case No. 05-12005 JKF<br>ADV No. 05-52205 JKF<br><br><br>PROOF OF SERVICE<br><br><br>HONORABLE GREGORY M. SLEET |

I have this day, pursuant to FRBP 7005 [FRCP 5] mailed true and correct copies of this proof of mailing and:

**NOTICE OF MOTION AND**
**MOTION FOR DAMAGES AND RULING UNDER 11 USC 362(h) and 28 USC 157(d)**
**[D. Del. L.R. 7.1.2(a)(1), 28 USC 157(b)(5)]**

To the following individuals addressed as follows:

Andrea VanLeesten
Conservatorship of Williams
6080 Center Drive, 6th Floor
Los Angeles, CA 90045-9209

Michael B. Joseph - Chapter 13 Trustee
824 Market Street
P.O. Box 1351
Wilmington, DE 19899-1351

I declare by the laws of the State of Delaware under penalty perjury the above is true and correct signed at Wilmington, Delaware this 2nd day of January, 2006

_____
Reginald P. Burgess, Debtor

Motion for Damages and Ruling

-5-

Reginald Burgess
3422 Old Capitol Trail #1068
Wilmington, DE 19808-6192