Reginald P. Burgess
3422 Old Capitol Trail #1068
Wilmington, DE 19080-6192
Attorney for: Reginald P. Burgess



RECEIVED
JAN 2 5 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

ORIGINAL

## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| REGINALD P. BURGESS,<br>Debtor, | District Court No. 05-00677-GMS<br>Chapter 13<br>Case No. 05-12005 JKF |
| REGINALD P. BURGESS,<br>Petitioner,<br>v. | ADV No. 05-52205 JKF<br>**ORDER ON MOTION FOR DAMAGES** |
| JOHN D. WILLIAMS<br>Respondent. | February 10, 2006<br>HONORABLE GREGORY M. SLEET |

This matter having come on for regular hearing on February 10, 2006 upon the pleadings of the Movant and Debtor, before the Honorable Gregory M. Sleet and upon waiver of the Debtor for oral argument and upon the failure of the Respondent or Trustee to timely file any responsive pleading; the court GRANTS the motion of the Debtor for the reasons set forth below and rules as follows:

### FACTS

Debtor filed Chapter 13 Bankruptcy in this district upon 11 USC 109 claiming a business in this district since 1996. The Bankruptcy Court granted a change of venue motion brought by the Trustee based on a prior Chapter 7 petition the Trustee believed was pending in the Central District of California, and denied a motion of the Debtor for damages under 11 USC 362(h) for an eviction in spite of the Bankruptcy filing. Debtor filed a response to the Trustee's motion and argued the California case was discharged and closed by 11 USC 350. Debtor was seeking

enforcement of the discharge under 11 USC 524.  Debtor argued the California court would not enforce the discharge in accord 11 USC 524, and cited a case that equitable exceptions were not allowed to 11 USC 524.  The Court transferred the case anyway, and Debtor filed a Petition for Writ of Mandamus in this court before the transfer was complete claiming that FRBP 1014(b) and the 1991 Amendment to the Notes thereof did not provide the court with jurisdiction and cited the Sunbelt v Noble case of this circuit.  The California Court opened a new bankruptcy case, the Debtor filed a motion to reject venue in California under Local Bankruptcy Rule 9013-1(g) which does not require an appearance or hearing.  The California court signed the order rejecting the venue, then struck through it and wrote on it "this motion is denied."  Debtor filed a Declaration re: Motion on Damages and attached the order and provided this court with a background on the entire case which has gone unopposed.  Debtor filed a noticed motion seeking damages in this court.

## DISCUSSION

Debtor relies on FRBP 1014(b), 1991 Amendment to the Notes which states:

Subdivision (b) is amended to provide that a ***motion for transfer of venue under this subdivision shall be filed in the district in which the first petition is pending***. If the case commenced by the first petition has been transferred to another district prior to the filing of a motion to transfer a related case under this subdivision, the motion must be filed in the district to which the first petition had been transferred. [bold and italics emphasis added]

The other amendments to this rule are consistent with the responsibilities of the United States trustee in the supervision and administration of cases pursuant to 28 U.S.C. Sec. 586(a)(3). The United States trustee may appear and be heard on issues relating to the transfer of the case or dismissal due to improper venue. See Sec. 307 of the Code.

There is no doubt Debtor is correct when this jurisdictional rule is overlaid upon ***Sunbelt Corp. v. Noble, Denton & Assoc***, 5 F.3d 28, 30 (3d Cir. 1993). The Bankruptcy Court was without jurisdiction to transfer the case. The Trustee did not raise any issue of impropriety or fraud, and did not move to dismiss the case.

In California, the Debtor moved to dismiss the case and filed a Notice of Dismissal as a matter of right under 11 USC 1307(b). The California Court signed the order rejecting venue, and then struck through it later, but filed the order. The 11 USC 1307(b) Notice of Dismissal is absolute and cannot be denied.

The Motion for Dismissal was filed first and became ripe under the no objection LBR 9013-1(g) rule prior to the Notice of Dismissal being filed. Neither of these issues matter, as the California Court never had jurisdiction in any regard.

The Bankruptcy Code is clear as to 11 USC 362 and that an automatic stay is in effect upon filing. The Debtor was evicted from his home after the filing. This is a violation of the automatic stay. The Debtor claims his damage will require an extensive prove up hearing and memoranda to the court. It is conceivable as so.

The code is clear as to what the duty is of the Trustee in a Chapter 13 case, and 11 USC 109 is clear as to the requisites for filing in the District. The Debtor filed the CD audio of the argument at the hearing where the transfer ruling was issued and transcribed and filed both the CD and transcribed version. The transcription indicates the court granted the Debtor the relief he sought.

## DISPOSITION

The motion of the Debtor is GRANTED. The petition for the Writ of Mandamus is GRANTED. The Debtor has dismissed the case, but the Bankruptcy Court shall reverse it's order's and provide the Debtor relief *nunc pro tunc*. Debtor may submit his memoranda for damages and upon actual proof, is entitled to them.

DATED:

_____
GREGORY M. SLEET
U.S. DISTRICT COURT JUDGE

Order on Damages

Reginald Burgess
3422 Old Capitol Trail #1068
Wilmington, DE 19808-6192

-3-

**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| REGINALD P. BURGESS,<br>Debtor, | District Court No. 05-00677-GMS<br>Chapter 13<br>Case No. 05-12005 JKF |
| REGINALD P. BURGESS,<br>Plaintiff, | ADV No. 05-52205 JKF |
| v. | PROOF OF SERVICE |
| JOHN D. WILLIAMS<br>Defendant. | HONORABLE GREGORY M. SLEET |

I have this day, pursuant to FRBP 7005 [FRCP 5] mailed true and correct copies of this proof of mailing and:

**[PROPOSED] ORDER ON MOTION FOR DAMAGES**

To the following individuals addressed without the attachment already sent:

Andrea VanLeesten
Conservatorship of Williams
6080 Center Drive, 6th Floor
Los Angeles, CA 90045-9209

Michael B. Joseph - Chapter 13 Trustee
824 Market Street
P.O. Box 1351
Wilmington, DE 19899-1351

Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207
Wilmington, DE 19801

I declare by the laws of the State of Delaware under penalty perjury the above is true and correct signed at Wilmington, Delaware this 21st day of January, 2006.

_____
Reginald P. Burgess, Debtor

Order on Damages

-4-

Reginald Burgess
3422 Old Capitol Trail #1068
Wilmington, DE 19808-6192