ORIGINAL

Reginald P. Burgess
3422 Old Capitol Trail #1068
Wilmington, DE 19080-6192
Attorney for: Reginald P. Burgess



RECEIVED
JAN 25 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| REGINALD P. BURGESS,<br>    Debtor, <br><br>REGINALD P. BURGESS,<br>    Petitioner,<br>v.<br><br>JOHN D. WILLIAMS<br>    Respondent. | District Court No. 05-00677-GMS<br>Chapter 13<br>Case No. 05-12005 JKF<br>ADV No. 05-52205 JKF<br><br>**DEBTOR'S DECLARATION Re:**<br>**ORDER ON MOTION FOR DAMAGES**<br><br>February 10, 2006<br>HONORABLE GREGORY M. SLEET |

I am the Debtor and Movant in this matter, am over the age of 18 years, am competent to testify, have relevant information for this court, if called to testify would do so truthfully and substantially the same except upon information I hold upon reason and belief if called to do so at hearing or trial;

This case began as an aberrant Probate attack by a disinherited brother, John D. Williams (JD) because – unbeknownst to myself or my wife at the time – was a Bankrupt absent standing and in an open acrimonious Bankruptcy for over 10 years involving claims of fraud. JD was broke and living in a home which belonged to his wife as her sole and personal property. He had no holdings and a failed business

June L. Williams, actually "June L. Patton" (Patton) – because she was later found after her death was not lawfully wed to George W. Williams, the brother of

JD, was also the lawful owner of a piece of property which originated from her father after the death of her mother some forty odd years prior. There was always "bad blood" between June and JD, and JD was not even allowed in the home ever.

JD, allegedly an architect and contractor was miserable failure who was always asking for money for some business scheme or another which ended up as a squandering of money. June would have no part of it. Fraud litigation was ongoing

June a lifelong smoker, fell ill to stage four lung cancer and quickly passed away within fourth months of the diagnosis. JD then popped onto the scene and began pressing George for the title to the home and bank accounts as George never had the capacity to take care of himself and ordinary financial affairs. June had always handled them all. JD discovered the home in a living trust with June's niece, my then wife, Karen D. Sparks as the trustee. Karen had a law degree but no license to practice law. I hold an Undergraduate degree in Law Studies from the University of Wisconsin. JD was intent on breaking the trust to get the home.

California has a "Conservatorship law" which is sloppily written and piggy backs onto the Probate code by declaring the conservatee legally dead, and then the court takes over supervision of all property with the alleged purpose to help the conservatee with publicly supervised assisted living by family members. The exception to this law is a Living Trust. JD used influential strings to hire Lawyers intent on getting a piece of the pie. In California, the Conservatee law is a legal connection to counselors to bleed an estate dry for legal bills at rates of $400.00 per hour or more. The conservatee cannot stop any of this. Because there was property in the value of $400,000.00 or more, the attack was on for the property.

Wills and Estate Planning documents over eight years old prepared by the

family attorney without my or my wife's involvement were set aside in favor of a constructed story about undue influence. June was George's initial trustee, and it was their idea alone – together to try to do a trust through their wills until it was made clear the wills would not come into play unless both parties died together, or George was declared incompetent. This is where the cleavat lies. Even if George was declared incompetent, Karen, my wife would become the conservator. George was declared incompetent by the family physician under the terms of the Trust. JD launched aberrant litigation for a Conservatorship to get the control over both the person and the Property. California law does not allow this and eventually, an order was signed in violation of 28 USC 1446(d) and then VACATED by the State Probate Court on September 23, 2003. It was this order the JD continued to use anyway to evict the Debtor. Moreover, the order was discharged in Bankruptcy under LA02-37195ER and failed the fraud exception under 11 USC 523(a)(4) in AD02-03224ER in that same case. The order was NULL, VOID and VACATED.

JD had been sued for abuse of process and his attorneys realizing their exposure was substantial continued to use the order trying Judge after Judge until they found one who saw their plight. This was now an issue of attorneys and the courts against a pro se party who was winning under law. It is upon reason and belief that JD's wife's home insurance carrier assigned counsel who kept abusing the system until she reached success.

The problem is all of this was done upon a VOID order. An order which was VACATED and by California Law could not be modified once VACATED.

I am an ADA American as an above knee amputee. Walking in a prosthesis is an exhausting affair, and in a good fitting one still takes 60 to 80 percent more energy to walk in than a real leg. When this litigation started, I needed urgent

surgery to save my left leg, and instead JD launched this litigation and prevented me for getting to the Mayo Clinic in Minnesota where I was heading for an emergency bone resection. (bone grafting replacement) As a result I lost my left leg by amputation, and have never been able to get a properly fitted prosthesis, and my funds have been exhausted in legal machination after machination.

Judge Ernest M. Robles is a major issue to this story. He is the Bankruptcy Judge who after appeal and reversal, continues to do exactly what he was just reversed for. In my case at least five cases he was reversed for, he continued his conduct of the very same matter in my case. He is not a good example of a Jurist. As an example, see the order attached which was signed properly under law in accord the Bankruptcy code that he then strikes through later – marks "this motion is denied" but the order has already been filed and scanned. Of course his act is one moot to defy the code when he has signed an order that complies with the code. It is a Judicial Disability Act issue under (28 U.S.C 372(c)). The order is valid.

In this case the issue is clear. The court of Judge Robles had no jurisdiction once LA02-37195ER matured past one year by 11 USC 727, and never had any self made jurisdiction by filing a new case upon this case transfer.

The acts of the courts and the exhaustion of chasing the application of the law is exhausting me to the point of bordering near death from exhaustion as an amputee

***As interesting as all of this is, JD was in active Bankruptcy and that means he had no standing to sue anybody absent the trustee.*** This is upon reason and belief the cause of the insurance company counselors being so insistent on winning, aside form loosing to a pro se litigant on the merits. This produced a NULL order.

Debtor's Declaration re: Order on Damages

Reginald Burgess
3422 Old Capitol Trail #1068
Wilmington, DE 19808-6192

-4-

1   The point to this entire case is that the Debtor DID and DOES have a
2   business in Delaware since 1996. American Group Publishing can be found in the
3   Books in Print since that time and has several books listed. This case is soon to
4   become a book also as a study of Judicial indiscretions in America. Look for it as
5   ISBN 1-891950-18-5, *"American Pro Per Lost and Found - Studying Judicial*
6   *Discretion in America; what you should know representing yourself in a court of*
7   *law – jealousies, sandboxes and lies"*

9   This court has a very easy job in following the law that others would not.
10  Orders exist which set the matter in concrete. The Probate order is VOID. No
11  appeal has addressed the issues of any of the appeals in any affirmance it has issued.
12  See **Butcher v. Truck Ins. Exchange (2000) 77 Cal.App.4th 1442, 92**
13  **Cal.Rptr.2d 521** [issues not addressed remain justicable and actionable]

15  Upon filing for Bankruptcy in Delaware, ALL litigation in California came
16  under the jurisdiction of this Court. If FRBP 1014(b) did not apply as to being
17  violated, the existing VALID discharge of LA02-37195ER would control the
18  conduct of this court. No exceptions to discharge existed and thus the entire
19  Probate matter was concluded and the Probate order was NULL by jurisdiction,
20  VOID by law and had been VACATED. It could not be used no matter what any
21  California Court wanted to do. See 11 USC 524 in whole – and in particular (a)(2).

23  A court attempts to stall and be extra cautious where pro se litigants are
24  involved but that delay is a form of harm and damage also. Here the case is clear.
25  The issue is one of contempt and that is clear. The trustee had a duty to enforce the
26  Debtor's rights under the prior discharge FIRST before making any motion to send
27  the case to the district where the Debtor was declaring law was being abused.

Debtor's Declaration re: Order on Damages

-5-

Reginald Burgess
3422 Old Capitol Trail #1068
Wilmington, DE 19808-6192

1  The workings of the California Courts are unimportant except to the analysis
2  that the State Court could not proceed with a litigant with no standing as an active
3  Bankrupt in an open case without a discharge and no relief from the stay to proceed.

5  This produces of course a NULL order.  28 USC 1446(d) also caused
6  production of a VOID order which was *"coram non judice"* in accord the Ninth
7  Circuit ruling in PEOPLE OF THE STATE OF CALIFORNIA, vs UNITED
8  STATES OF AMERICA; case No. 99-15388. (9th cir 2000)

10  All of this was ignored – clearly because the litigant was pro se.

12  No court can explain the Debtor has erred under law, nor has tried – lately.
13  This is pure theft by counselors at law.  Debtor is 100% correct.

15  Attached are the relevant pleadings to the California Court being the signed
16  order rejecting venue; the motion to reject venue and declaration as required under
17  LBR 9013-1(g); and the Notice of Dismissal.  Additionally, the respondents have
18  not replied in accord Local DED Rule 7.1

20  There is no reason here to create law by legislating from the bench to replace
21  law well settled as to when contempt is happening by command of Congress.

23  Debtor heretofore files herewith a proposed order GRANTING his motion to
24  his rights under law.  The court must sign it by law itself under the jurisdiction
25  granted it by Congress through the Bankruptcy Code.  Discretion is not involved

I declare by the laws of the State of Delaware under penalty
perjury the above is true and correct signed at Wilmington,
Delaware this 21st day of January, 2006.

Reginald P. Burgess, Debtor

Debtor's Declaration re:  Order on Damages

Reginald Burgess
3422 Old Capitol Trail #1068
Wilmington, DE 19808-6192

-6-

The Order Rejecting Venue - Signed and Filed

FILED DEC 16 2005

ENTERED DEC 16 2005

*this matter is Denied* EMR

Reginald P. Burgess
3422 Old Capitol Trail #1068
Wilmington, DE 19808-6192
Attorney for Reginald P. Burgess

LODGED DEC 13 2005

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINALD P. BURGESS, <br> Debtor, | Chapter 13 <br> Case No. 05-48252-ER |
| ORIGINALLY USBC-DEB 05-12005-JKF <br> (Transferred in violation of FRBP 1014(b), <br> still on appeal as USDC-DED 05-677 GMS) | ORDER OF REJECTING VENUE DUE LACK OF JURISDICTION <br> [FRBP 1014(b)] [Fed R. Evid. 201] <br><br> December 9, 2005  Courtroom 1568 <br> HONORABLE ERNEST M. ROBLES |

This matter having come before the court on a LBR 9013-1(g) motion by Debtor and, DEBTOR having filed a NOTICE TO DISMISS THIS ACTION 11/28/05 as:

1. No jurisdiction exists to *sua sponte* file a NEW case by 11 USC 109, or proceed, as Debtor is NOT found in this district, nor are his businesses.

2. By FRBP 1014(b) the Delaware Bankruptcy Court was without jurisdiction to transfer the case. See the "notes" and 1991 Amendment. [No motion brought in the proper court and FRBP 1014(a) inapplicable] *Sunbelt Corp. v. Noble, Denton & Assoc*, 5 F.3d 28, 30 (3d Cir. 1993)

No objections having been received to Debtor's motion from interested parties or the Trustee assigned, and Debtor's motion having been within the code as found at FRBP 1014(b), and FRBP 1014(a) being inapplicable, as cited by Debtor:

**THE COURTS GRANTS THE MOTION AND REJECTS THIS CASE IN ACCORDANCE WITH THE U.S. CODE AS FOUND AT 11 USC 109**

DATED: 12/16/05

_____
Ernest M. Robles
U.S. Bankruptcy Judge

Order Rejecting Venue for lack of Jurisdiction

Reginald Burgess
3422 Old Capitol Trail #1068
Wilmington, DE 19808-6192

-1-

**NOTE TO USERS OF THIS FORM:**
*Physically attach this form as the last page of the proposed Order or Judgment.*
*Do **not** file this form as a separate document.*

| In re  **Reginald Burgess** | CHAPTER **13** |
|---|---|
| Debtor | CASE NUMBER **05-48252 ER** |

## NOTICE OF ENTRY OF JUDGMENT OR ORDER
## AND CERTIFICATE OF MAILING

TO ALL PARTIES IN INTEREST ON THE ATTACHED SERVICE LIST:

1. You are hereby notified, pursuant to Local Bankruptcy Rule 9021-1(a)(1)(E), that a judgment or order entitled *(specify)*:

    **ORDER OF REJECTING VENUE DUE**
    **LACK OF JURISDICTION**
    **[FRBP 1014(b)] [Fed R. Evid. 201]**

    was entered on *(specify date)*: **DEC 16 2005**

2. I hereby certify that I mailed a copy of this notice and a true copy of the order or judgment to the persons and entities on the attached service list on *(specify date)*:

    **DEC 16 2005**

Kathy A. Dockery - Chapter 13 Trustee
700 S. Flower Street, Suite **1950**
Los Angeles, CA 90017

Dated: **DEC 16 2005**

JON D. CERETTO
Clerk of the Bankruptcy Court

By: *Lydia Gonzalez*
Deputy Clerk

Rev. 1/01  This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.   **F 9021-1.1**

The Motion and Declaration required for the

The Order Rejecting Venue - Signed and Filed

| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| **Reginald Burgess**<br>**3422 Old Capitol Trail #1068**<br>**Wilmington, DE  19808-6192**<br><br>Attorney for  **Reginald Burgess** | |

| UNITED STATES BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA | |
|---|---|
| In re:  **Reginald Burgess**<br><br>Debtor(s). | CHAPTER: **Thirteen**<br>CASE NO.: **05-48252 ER**<br>(No Hearing Required) |

## DECLARATION RE: ENTRY OF ORDER WITHOUT HEARING
## PURSUANT TO LOCAL BANKRUPTCY RULE 9013-1(g)

1. I am the  ☒ Movant   ☐ Movant's Attorney   in this matter and hereby declare as follows:

2. On (specify date): __**November 21, 2005**__, Movant filed a motion entitled (specify):

3. A copy of the motion and notice of motion is attached hereto.

4. Pursuant to Local Bankruptcy Rule 9013-1(g), the motion was served by mail on (specify date): **November 21, 2005** together with a notice stating that any party objecting to the motion has 15 days within which to file and serve any written objection and request a hearing on the above motion.

5. More than __**21**__ days have passed since the service of the notice of motion.

6. No objection has been timely served on Movant at the address specified in the notice. Therefore, no hearing is required.

7. The proposed Order is submitted herewith. (Submit original and appropriate copies of Order with envelopes and Notice of Entry)

WHEREFORE, Movant requests that the Order granting the relief requested in the motion be signed and entered forthwith.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on the following date at __**Los Angeles**__, California.

Dated: **December 13, 2005**


**Reginald P. Burgess**
Typed Name of Declarant                                              Signature of Declarant

---

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

Revised August 2005                                                                                                              F 9013-1.9

| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| Reginald P. Burgess<br>3422 Old Capitol Trail #1068<br>Wilmington, DE 19808-6192<br><br>Attorney for  Reginald P. Burgess | FILED<br>NOV 21 2005 |

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA

| In re: Reginald P. Burgess | CHAPTER 13 |
|---|---|
| | CASE NUMBER  LA 05 48252 ER |
| Debtor | (No Hearing Required) |

NOTICE OF MOTION UNDER LOCAL BANKRUPTCY RULE 9013-1(g)(1) FOR:

**MOTION TO REJECT VENUE**
**[FRBP 1014(b), CRC 225(d)]**

1. TO (specify name):

   **Kathy A. Dockery, Trustee**

2. NOTICE IS HEREBY GIVEN that Movant in the above-captioned matter will move this Court for an Order granting the relief sought as set forth in the Motion filed by Movant, a brief description of which is contained in the Description of Relief Sought attached hereto and served and filed herewith. Said Motion is based upon the grounds set forth in the said Motion and accompanying Description of Relief Sought. Said Motion is made pursuant to Local Bankruptcy Rule 9013-1(g)(1) (J) which provides for granting of motions without a hearing. (Check appropriate box below):

   ☒ The full Motion is attached hereto.
   ☐ The full Motion has been filed with the Bankruptcy Court and a detailed description of the relief sought is attached hereto.

3. Deadline for Opposition Papers and Request for a Hearing: Pursuant to Local Bankruptcy Rule 9013-1(g)(1), any party objecting to the accompanying Motion may file and serve a written objection and request a hearing of this Motion. If you fail to file a written response within fifteen (15) days of the date of service of this Notice, the Court may treat such failure as a waiver of your right to oppose this Motion and may grant the requested relief.

Dated: November 21, 2005

in pro per
Law Firm Name

Reginald P. Burgess

Date Notice Mailed: November 21, 2005

Rev. 5/98  This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.    F 9013-1.2

Reginald P. Burgess
3422 Old Capitol Trail #1068
Wilmington, DE 19808-6192
Attorney for Reginald P. Burgess

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINALD P. BURGESS,<br>Debtor, | Chapter 13<br>Case No. 05-48252-ER |
| ORIGINALLY USBC-DEB 05-12005-JKF<br>(Transferred in violation of FRBP 1014(b),<br>still on appeal as USDC-DED 05-677 GMS) | **MOTION TO REJECT VENUE**<br>**[FRBP 1014(b), CRC 225(d)]**<br><br>[LBR 9013-1(g)]<br>December 9, 2005  Courtroom 1568<br>HONORABLE ERNEST M. ROBLES |

COMES NOW DEBTOR TO MOVE FOR AN ORDER REJECTING VENUE

Debtor did not file in this district, this district is without jurisdiction by 11 USC 109, has ruled such in LA04-28183ER; Debtor nor his business are found in this district, the mailing address alone shows the absurdity of this transferred case; the Court nor the Trustee can sua sponte "start over" a bankruptcy with a form B91 notice[1], that is concluded by the records of USBC-DEB 05-12005, and properly belongs in the District of Delaware and the Notice is thus invalid as if this court is to follow the jurisdiction granted under the FRBP at 1014 & 15 this court must reject jurisdiction and return the case to Delaware. NOTHING IN THIS TRANSFER IS PROPER AND THE TRUSTEE HAS A DUTY JOIN THIS MOTION

I declare by the laws of the State of Delaware under penalty perjury the above is true and correct signed at Wilmington, Delaware this 21st day of November 2005

*Reginald P. Burgess* (signature)

---

[1] Well settled in accord the family of cases emanating from Taylor v Freeland and Kronz, 503 U.S. 638 (1992), see Smith v Kennedy, 9th cir [cite omitted]

Notice of Motion and Motion for Rejecting Venue                    Reginald Burgess
                                                                   3422 Old Capitol Trail #1068
                                              -1-                  Wilmington, DE 19808-6192

The Notice of Dismissal under 11 USC 1307(b)



Reginald P. Burgess
3422 Old Capitol Trail #1068
Wilmington, DE 19808-6192
Attorney for Reginald P. Burgess

REC'D OTC
CHAPTER 13 TRUSTEE
700 S FLOWER STE 1950
LA
2005 DEC -7 PM 1:12

FILED
DEC - 7 2005

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINALD P. BURGESS, <br> Debtor. | Chapter 13 <br> Case No. 05-48252-ER |
| | **NOTICE OF DISMISSAL DUE LACK OF JURISDICTION** <br> [11 USC 1307(b)] [Fed R. Evid. 201] |
| ORIGINALLY USBC-DEB 05-12005-JKF <br> (Transferred in violation of FRBP 1014(b), <br> still on appeal as USDC-DED 05-677 GMS) | December 9, 2005 Courtroom 1568 <br> HONORABLE ERNEST M. ROBLES |

**TO COURT & CLERK: - DEBTOR & THE CODE REJECTS THIS VENUE**

DEBTOR previously filed a NOTICE TO DISMISS THIS ACTION 11/28/05 as:

1. No jurisdiction exists to *sua sponte* file a NEW case by 11 USC 109, or proceed, as Debtor is NOT found in this district, nor are his businesses.

2. By FRBP 1014(b) the Delaware Bankruptcy Court was without jurisdiction to transfer the case. See the "notes" and 1991 Amendment. [No motion brought in the proper court and FRBP 1014(a) inapplicable] *Sunbelt Corp. v. Noble, Denton & Assoc*, 5 F.3d 28, 30 (3d Cir. 1993)

3. The Clerk "Lydia Gonzales" is then without power on 11/29/05 under the code to re-schedule a hearing to negate the debtor's right, to adjudicate a matter of the courts, as the court was without power to *sua sponte* open a NEW case to race to aberrantly dismiss and issue orders defying the code.

4. The Third Circuit has jurisdiction still by 05-677 above; 11 USC 1307(b) controls; and, the notices as issued are NULL absent lawful jurisdiction.

I declare by the laws of the State of Delaware under penalty perjury the above is true and correct signed at Wilmington, Delaware this 7th day of December 2005

*/s/ Reginald P. Burgess*

Notice of Dismissal for lack of Jurisdiction

Reginald Burgess
3422 Old Capitol Trail #1068
Wilmington, DE 19808-6192

**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| REGINALD P. BURGESS,<br>    Debtor, | District Court No. 05-00677-GMS<br>Chapter 13<br>Case No. 05-12005 JKF |
| REGINALD P. BURGESS,<br>    Plaintiff, | ADV No. 05-52205 JKF |
| v. | PROOF OF SERVICE |
| JOHN D. WILLIAMS<br>    Defendant. | HONORABLE GREGORY M. SLEET |

I have this day, pursuant to FRBP 7005 [FRCP 5] mailed true and correct copies of this proof of mailing and:

**DEBTOR'S DECLARATION Re:**
**ORDER ON MOTION FOR DAMAGES**

To the following individuals addressed without the attachment already sent:

Andrea VanLeesten
Conservatorship of Williams
6080 Center Drive, 6th Floor
Los Angeles, CA 90045-9209

Michael B. Joseph - Chapter 13 Trustee
824 Market Street
P.O. Box 1351
Wilmington, DE 19899-1351

Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207
Wilmington, DE 19801

I declare by the laws of the State of Delaware under penalty perjury the above is true and correct signed at Wilmington, Delaware this 21st day of January, 2006

Reginald P. Burgess, Debtor

Debtor's Declaration re: Order on Damages

Reginald Burgess
3422 Old Capitol Trail #1069
Wilmington, DE 19808-6192

-7-